[No. 6,683.—Department One.]

## MARGARET BANFIELD *v.* CHARLES MARKS ET AL.

CONSTRUCTION OF CONTRACT—DAMAGES.—The defendants, in consideration of a conveyance by the plaintiff's assignor of certain mortgaged premises, agreed in writing that, upon the foreclosure against the mortgagee, they would see that no personal judgment was taken against him, and that the land, if sold under a decree of foreclosure, should sell for sufficient to pay the amount due upon the mortgage. The mortgage having been foreclosed, and the premises sold for less' than the amount due upon the mortgage, and a judgment against the mortgagee for the balance having been docketed, the plaintiff (or his assignee) brought his action against the defendant to recover the amount of the deficiency. *Held*, that he was entitled to recover.

APPEAL from a judgment for the plaintiff in the Thirteenth District Court, County of Merced. CAMPBELL, J.

The facts are stated in the opinion.

*J. K. Law*, for Appellants.

In order for the plaintiff's assignor to have any cause of action against the defendants, he should have paid the judgment against him. (*Lott* v. *Mitchell*, 32 Cal. 64; *Willson* v. *McAvoy*, 25 id. 170; *Prader* v. *Grimm*, 28 id. 11; *McDermott* v. *Mitchell*, 4 P. C. L. J. 113; *McBeth* v. *McIntyre*, 6 id. 41.)

We submit, that a judgment against a party does not necessarily result in damage: the judgment may never be paid. (*Roussin* v. *Stewart*, 33 Cal. 208.) It is necessary to prove actual damages, and it is equally necessary to allege them, which was not done in this case. (*Maynard* v. *Fireman's Fund Ins. Co.* 34 Cal. 48; *Coe* v. *Rankin*, 5 McLain, 354.)

*Wiggington & Farrar*, for Respondent.

McKINSTRY, J.:

The complaint is in substance as follows:

The above-named plaintiff, complaining of the above-named defendants, alleges:

"That on or about the first day of September, 1877, the said defendants entered into the following contract, in writing, with A. C. McSwain, to wit:

'For value received, we hereby agree with A. C. McSwain, that when the mortgage of Mrs. Margaret Banfield against him is foreclosed, if there should be any forclosure, that we will see that no personal judgment is taken against him. That is, we will see that the land, if sold under such decree of foreclosure, sells for sufficient to pay the amount due her from said mortgagor, under the terms of said mortgage.

C. H. MARKS,

JNO. F. McSWAIN.

Merced, Cal., Sept. 1st, 1877.'

" That the consideration expressed in said contract as valuable was the conveyance by deed from the said A. C. McSwain to the said C. H. Marks and John F. McSwain, the defendants herein, the following-described real estate, situated in the County of Merced, State of California, to wit : "

Here follows a description of the lands.

" That the mortgage referred to in said contract as 'the mortgage of Mrs. Margaret Banfield against him' was a mortgage which the plaintiff herein, at the time, to wit, September 1st, 1877, held against the said A. C. McSwain, in words and figures following, to wit : "

And here is recited the mortgage at length.

" That on the 15th day of November, 1877, the said Margaret Banfield commenced an action in this Court to foreclose said mortgage, and that, afterwards, to wit, on the 29th day of March, 1878, the said Margaret Banfield did obtain from this Court a decree of foreclosure and personal judgment against said A. C. McSwain in said action, which said decree of foreclosure and sale is in words and figures following, to wit : "

And then follows the decree at length, with a statement of certain subsequent proceedings, and then the averment.

" That afterwards, to wit, on the 3d day of May, 1878, a personal judgment against the said A. C. McSwain in said action was by the Clerk of this Court entered upon the Judgment Docket of this Court for the sum of $386.50, gold coin of the United States, with interest thereon at the rate of ten per cent. per annum. That upon the entering of said personal judgment in said action against the said A. C. McSwain, as aforesaid, the defendants herein became liable, upon the contract above set forth, in the

sum for which personal judgment was so entered; to wit, $686.50, with interest as aforesaid."

The plaintiff further alleges an indorsement by A. C. McSwain, of the contract first recited, and that there is now owing upon the said contract $686.50, with interest at ten per cent. per annum, which plaintiff has demanded. The prayer is for judgment for the amount named, and interest and costs.

Defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and that it was ambiguous, etc.

The complaint does not allege that plaintiff or her assignor has paid the personal judgment rendered against the former, or any part thereof.

The foregoing assignment relieves the case of many of the embarrassing questions elaborately considered by Mr. Sedgwick in his treatise on "The Measure of Damages," 7 ed. vol. 2, chap. 11. See, also, in addition to the cases there cited, *Jones v. Childs*, 8 Nev. 121. The contract of defendents amounted at least to a covenant to discharge or acquit the mortgagor from any personal judgment on the foreclosure of plaintiff's mortgage. The breach was well assigned by the averment that personal judgment had in fact been entered against the mortgagor, and *non damnificatus* would not have been a good plea under the former system of pleading. (*Thomas v. Allen*, 1 Hill, 145.)

The contract of defendants was, that no personal judgment should be taken against the assignor of plaintiff; and further, that the land mortgaged, if sold under a decree foreclosing the Banfield mortgage, should sell for sufficient to pay the amount due upon that mortgage. These promises were based upon a valuable consideration; to wit, a transfer of the equity of re-demption. By such transfer, the assignor of plaintiff paid de-fendants to prevent any personal judgment against him. He afterwards found that he was liable for, and if able must pay, the judgment which defendants had agreed to pay for him. We speak advisedly in saying defendants had agreed to pay it for him, in case such judgment should be entered. It was their bounden duty to see to it that the property brought a sum suffi-cient to pay off the mortgage, by bidding, if necessary, at the sale; but if they neglected to do this, it would be substituting

apparition for substance, to say that it was not also their duty to pay the personal judgment for the balance. It would certainly be a defense to this suit that defendants had satisfied the judgment. Their contract was that no personal judgment should be *entered.* They could perform it literally only by becoming (or causing some one else to become) the purchaser at the foreclosure sale for a sum equal to the amount of the mortgage, or by paying to the mortgagee the difference between the sum for which the sale was made and the amount of the mortgage, interest, and costs *before* the personal judgment was entered. They could perform it substantially by satisfying the judgment after it was entered. The equity of redemption assigned by the mortgagor to defendants was valued by the parties to that assignment at a sum equal to the amount of any personal judgment which might be entered against the mortgagor. So far, the amount of damages which the assignor of plaintiff might sustain by reason of a breach by defendants was *liquidated* by the contract itself. The equity of the mortgagor has been foreclosed, and cannot be recovered; its stipulated value may.

Of course, in what has been said, the words " equity of redemption " are applied to the estate of the mortgagor merely as a convenient mode of expression. The estate of the mortgagor is a *legal estate.*

Judgment affirmed.

McKee, J., and Ross, J., concurred.