[Sac. No. 713.    Department Two.—September 5, 1900.]

## PAUL MEYER, Respondent, v. WILLIAM PARSONS et al., Defendants. A. C. BOWLES, Appellant.

SALE—PROMISE BY PURCHASER TO PAY INDEBTEDNESS—CONSIDERATION—
DAMAGES FOR BREACH—ACTION BY VENDOR—RESCISSION—PAYMENT.—
A promise made by the defendants to the plaintiff, upon a sale
and delivery to them by the plaintiff of a half-interest in a
saloon, to pay all indebtedness previously incurred in the busi-
ness by plaintiff and one of the defendants to an amount speci-
fied, is part of the consideration of the transfer, and the vendor
may recover the full amount of the indebtedness as damages for
its breach, without being required to rescind the contract of
sale, and without having first paid the indebtedness himself.
The damages are the same, whether the plaintiff has already
paid the creditors or must yet inevitably pay them.

ID.—EXTENT OF RECOVERY—POSSIBILITY OF NONEXACTION.—The extent
of the plaintiff's recovery in the full amount of the indebted-
ness as damages is not affected by the possibility that the cred-
itors may not exact all that they are entitled to in discharge
of their claims.    The extent of the liability of the defendants
to the plaintiff is the full amount agreed to be paid for the
property.

ID.—LIABILITY OF NEW PARTY TO CREDITORS IMMATERIAL.—Whether
the defendant who came into the business as a new party and
promised to pay the creditors is liable to the creditors or not,
and whether he can be protected except as to costs by paying
the creditors, or cannot be so protected, the position in which
he is placed by his contract with plaintiff is to be deemed his
own fault, and should not prevent the court from giving to the
plaintiff the benefit of the contract between them where there
has been no novation thereof.

ID.—PROMISE TO PAY INDEBTEDNESS OF OTHERS—STATUTE OF FRAUDS—
CONTRACT OF SALE.—The promise of such defendant to pay the in-
debtedness of the plaintiff and his codefendant which entered
into a contract of sale, accompanied by the delivery of the
property, is not a promise to answer for the debt or default of
another within the statute of frauds.

ID.—INSTRUCTIONS—OMISSION OF QUESTION OF PARTNERSHIP.—Where one
of the defendants who had been in the saloon business with
the plaintiff had made default upon the trial of issues joined by
the other defendant, instructions given are not objectionable
upon the ground that allusion to the defaulting defendant, and
the question of partnership relation between him and the plain-
tiff, or between him and the defendant, are ignored and omitted.

ID.—HARMLESS INSTRUCTION AGAINST LIABILITY TO CREDITORS.—An instruction to the effect that the creditors could not hold the defendant liable against whom the case was tried, whether sound or not, is harmless, and could not be prejudicial to the defendant.

ID.—EVIDENCE—VALUE AND AMOUNT OF STOCK IN SALOON.—The value or amount of the stock in the saloon at any other time than when the sale was made is not relevant to the matter in issue, and evidence thereof is inadmissible.

ID.—IMMATERIAL UNCERTAINTY IN VERDICT—INTEREST ON NOTE—MATTER WITHOUT DEFENSE.—An uncertainty in the verdict as to the matter of interest on a note, in respect to which there was no defense, is immaterial.

ID.—SUBSEQUENT ASSUMPTION OF LIABILITY BETWEEN DEFENDANTS IMMATERIAL.—Where the evidence clearly proves that both of the defendants assumed to pay the debts for which the plaintiff was liable in consideration of the sale to them of his interest in the saloon, evidence of any subsequent agreement or assumption of liability as between the defendants, upon a sale from one of them to the other, is immaterial, and is properly rejected.

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion.

M. B. Harrison, Peter J. Shields, and Hiram W. Johnson, for Appellant.

John M. Gregory, for Respondent.

GRAY, C.—Plaintiff had judgment by default against defendant Parsons. The defendant Bowles answered, and on a trial the verdict and judgment were against him. From said judgment and from an order denying him a new trial the defendant Bowles appeals.

The complaint in the case sets forth facts showing a sale and delivery to defendants, and each of them, of a one-half interest in a saloon and fixtures and materials for carrying on said saloon, and alleges that the consideration for said sale was $250 and an agreement on the part of defendants, and each of them, to pay certain debts owing by plaintiff and defendant Parsons amounting in the aggregate to $814.60. It is also averred that the promise to pay the $250 is evidenced by a promissory

note executed by defendants to plaintiff for said sum of $250 and interest at eight per cent per annum from December 3, 1897. It is alleged that no part of the note has been paid except $100 on February 4, 1898, and that defendants and each of them have refused on demand to pay said indebtedness of $814.60, and that defendants have had more than a reasonable time to pay the same, and no part thereof has been paid, and that the creditors are pressing plaintiff for payment. The prayer is for judgment: 1. For said sum of $814.60; 2. For said sum of $250 due on the note, with interest as in said note specified, after deducting said sum of $100 paid on February 4, 1898.

The original answer to the complaint expressly admits the willingness of appellant to pay the balance due on the note, and contains an offer to allow plaintiff to take judgment against him for the amount alleged by plaintiff to be due on said note. In the amended answer, upon which the case was tried, the defendant denies the purchase of the property and the promise to pay anything on account thereof, and alleges that plaintiff sold the property to defendant Parsons alone. Appellant then admits the execution of the note, but avers that he signed it only as surety to enable Parsons to purchase the saloon. It is not claimed by appellant, either in the answer or elsewhere, that he has any defense to the note. On the trial the jury returned a verdict in the following form: "We, the jury in this cause, find for the plaintiff Paul Meyer in the sum of $814.60; also $150 with interest."

1. Appellant contends that if all that is claimed by plaintiff is true, yet he is not entitled to recover the $814.60, because he has not paid the same himself, and because the agreement was not that appellant should pay the plaintiff that amount, but that he should pay it to the creditors.

In answer to this it is sufficient to say that the promise to pay the creditors was made to plaintiff, and that on a failure to keep that promise plaintiff is entitled to recover whatever damages he has sustained by reason of such failure. He is not compelled to rescind nor to treat the contract as rescinded, but may rely upon the contract and recover damages for its breach, and this is, as we understand it, just what he is endeavoring to

do in this suit. His damages in that regard are the same whether he has already paid the creditors or must yet inevitably pay them. There is no question but that he is yet liable to the creditors, and the extent of his right of recovery is not affected by the possibility that the creditors may not exact all that they are entitled to in discharge of their claims. The extent of appellant's liability is the amount that he agreed to pay for the property; and plaintiff can recover this full amount even though he has not paid it himself. (2 Sedgwick on Damages, sec. 789, and cases there cited; *Banfield v. Marks,* 56 Cal. 185.)

It is needless to determine whether the creditors of plaintiff and Parsons have a right of action against appellant or not, for, be that as it may, there being no novation plaintiff certainly has a right of action, and the right of the creditors to an action against the appellant, if any exists, can be extinguished by paying the creditors, and, as is said in *Rector etc. of Trinity Church v. Higgins,* 48 N. Y. 532, 539: "A court of law is vested with such equitable power that, upon application after such payment, proceedings for the collection of the judgment, except as to the costs, would be stayed, and, upon payment of the costs, satisfaction of the judgment would be ordered." But even where it is held that the course suggested above cannot be pursued, still the position in which the appellant finds himself is deemed to be the result of his own fault, and should not prevent us from giving to the plaintiff the benefit of the contract he has made. (*Furnas v. Durgin,* 119 Mass. 500, 508.[1])

2. The contract between plaintiff and defendants was not one to answer for the debt or default of another, but was a contract of sale accompanied with a delivery of the property sold; it was not, therefore, within the statute of frauds.

3. Two instructions given to the jury are complained of because they leave out of consideration entirely the defendant Parsons and ignore the question of partnership. The defendant Parsons had made default, and the trial was not being had for the purpose of testing his liability, but only to determine the liability of Bowles. It was not necessary, therefore, to enlighten the jury as to the liability of Parsons. Nor was it

---

[1] 20 Am. Rep. 341.

necessary to say anything to them about any partnership rela-
tion either between Meyer and Parsons, or between Parsons and
Bowles.  The defendants are not sued as partners, and there
is no plea or theory of partnership in the case that it was nec-
essary to explain to the jury.  Meyer was responsible to the
creditors for the whole amount of the indebtedness of himself
and Parsons, and the appellant Bowles was in turn responsible
to plaintiff for the full amount of the damages resulting from
the breach of the contract involved in the suit, and both these
propositions are true conceding all that can be claimed as to
the existence of partnerships.  If it be conceded that the state-
ment "The creditors could not hold Bowles" was not sound as
a proposition of law, still this could not have injured appellant,
because, as we have already seen, the plaintiff is entitled to re-
cover whether a right of action against appellant existed in
favor of the creditors or not.  As to the matters pointed out
by appellant, therefore, there was no prejudicial error in the in-
structions.

4. The value of the amount of the stock in the saloon at
any time other than when the sale was made could not pos-
sibly throw any light on any matter in issue, and the objections
to evidence looking to those matters were properly sustained.

5. The verdict was not as certain as it might have been as to
the matter of the interest on the note, but, as to said note, the
plaintiff was entitled to judgment on the pleadings, no defense
thereto having been set up.  The alleged uncertainty in the
verdict is therefore immaterial.

6. Both plaintiff and Parsons testified substantially that
Parsons and Bowles together bought Meyer's interest in the
saloon and agreed to pay the debts of the firm composed of
Meyer and Parsons.  Some of the answers of Meyer, separated
from the rest of his testimony, might bear the construction
given it by the appellant that he intended to say that the sale
was made to Parsons alone, but, reading his testimony, alto-
gether, it is clear that he intended to testify and did testify
that "Bowles and Parsons bought me out.  The note was signed
by both.  That was the understanding between us; both of
them bought me out."  And, again, he said, "They promised to
pay the bills below."  Parsons' testimony is to the same effect

and entirely free from ambiguity, and other witnesses testified to corroboratory facts. Bowles himself must have known of the facts in reference to the sale, but for some unexplained reason he does not testify at all. The evidence clearly shows the sale to Parsons and Bowles and that they promised to pay the debts of Meyer and Parsons.

7. On the cross-examination of Parsons he was asked: "Did you not bring an action against Mr. Bowles for this very same thing in addition to that two hundred and fifty dollars he assumed to Meyer, and the three hundred dollars he paid you when he surrendered up your note, and then, as you have sworn here in your complaint, that he assumed the payment of the thousand dollars for you at that time? Also when he bought you out? Do you tell this jury that he assumed both of these?" An objection by the plaintiff was made to this question, and appellant excepted to the court's action in sustaining the same. It is somewhat difficult to discover the meaning of the above question, but it seems reasonable to suppose that it refers to a suit brought by Parsons against Bowles on account of a sale by the former to the latter of the interest of the former in the saloon; for it appears that such a sale took place some months after the sale involved in this case; and to properly understand the last part of the question it should read like this: "Do you mean to tell this jury that Bowles and you first assumed and agreed with Meyer to pay the indebtedness of Meyer and Parsons, and then when he bought you out Bowles again agreed with you to assume and save you harmless from that same indebtedness?" If the above is the meaning of the question it certainly contains an inquiry as to an immaterial matter; and if such is not its meaning we do not understand it, and in either event we find no error in the ruling of the court. The fact that no ground was stated by counsel for the objection to the question does not alter this view.

We advise that the judgment and order appealed from be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Henshaw, J., McFarland, J., Temple, J.