[Civ. No. 161.  Third Appellate District.—February 15, 1906.]

PHILIP FABIAN et al., Respondents, v. MARTIN LAM-
MERS, Appellant.

CONTRACT TO RECLAIM SWAMP LANDS—CONSTRUCTION OF CONNECTING
LEVEES—ACTION TO RECOVER EXPENSE—DAMAGES FOR BREACH—
STATUTE OF LIMITATIONS.—Under a written contract between ad-
joining owners of swamp lands to build connecting levees, at the
expense of each, on his own land, for the reclamation of the lands
as a whole for their mutual advantage, to be finished by a fixed
time, an action by one of them to recover the expense of completing
the levee upon the lands of the other, upon his failure and refusal
to do so, is not based upon a new or implied contract, nor subject
to the two years' limitation of subdivision 1 of section 339 of the
Code of Civil Procedure, but it is based upon the written contract,
to recover damages for its breach, and the four years' limitation
of section 337 of that code did not begin to run until the time
fixed for the completion of the levee, and the action is not barred
if brought within four years from that time.

ID.—MEASURE OF DAMAGES FOR BREACH—COST OF CONSTRUCTING LEVEE.
The measure of damages for breach of the written contract on
the part of the defendant is properly the cost of constructing the
levee on his land, and such cost was the proper subject of the action,
which is simply a suit to recover in damages the consideration the
defendant contracted to pay.

ID.—CERTAINTY OF CONTRACT—REFERENCE TO DIMENSIONS FIXED BY
ENGINEER—MATTERS NOT IN PAROL.—Where the written contract
referred to dimensions to be fixed by a civil engineer, and on the
day that the contract was signed the defendant knew that the di-
mensions had been fixed by the engineer, and agreed thereto, and
commenced work in accordance therewith, the contract cannot be
considered as partly in writing and partly in parol.  It is sufficient
that the contract was certain as to the parties, and as to the terms
of their agreement, which were ascertained to a common certainty.

APPEAL from a judgment of the Superior Court of San
Joaquin County.  F. H. Smith, Judge.

The facts are stated in the opinion of the court.

Louttit & Louttit, and Buck & Middlecoff, for Appellant.

Nicol & Orr, and A. L. Levinsky, for Respondents.

BUCKLES, J.—The parties to this action were, on March 4, 1898, owners of adjoining tracts of swamp and overflowed lands in San Joaquin county. It was understood and agreed by all said parties that all of their said lands could and would be most effectually and advantageously reclaimed and protected by a system of levees which would include both the lands of plaintiff and defendant, and in consideration thereof, and for their mutual advantage and for the benefit and reclaiming of said lands of both parties, on March 4, 1898, entered into a written contract, wherein each agreed that he would at his own expense build a suitable levee on his own land on a line designated and described, connecting with levees on the other's land so as to protect the lands of all the parties then intended to be reclaimed, and each to keep his own levee in repair. The respective levees to be completed by December 1, 1898. After this contract had been duly signed by all the parties and on June 8, 1898, the same parties in modification of the aforesaid contract of March 4th, made and entered into a further and additional written contract, so as to change certain parts and portions of the levees described in the contract of March 4, 1898, to be constructed by each of the parties thereto, so that other lands would be embraced within said reclamation, and all to be completed by December 1, 1898. This latter contract contained a clause that it should not be binding upon either party to it unless Antoinette Naglee Burke should enter into a written contract with plaintiffs granting to them and the said Lammers the right to construct said levees over her lands. Antoinette Naglee Burke did enter into such written contract with plaintiffs. The complaint alleges that defendant failed to construct a part of the levee on his land he had by said written contract agreed to construct, and thereafter the plaintiffs built and completed his said levee at a cost to them of $5,022.22, and that payment was demanded January 20, 1900. The action was brought to recover from defendant the $5,022.22 as damages sustained by plaintiffs by reason of defendant's failure to build his levee. A general demurrer was interposed and overruled. Defendant answered, denying the allegations of the complaint and plead that "said cause of action is barred by the provisions of section 337 of the Code of Civil Procedure, the provisions of subdivision 2 of section 388, and subdivision 1, section 339,

all of the Code of Civil Procedure.'' The case was tried by a jury, which found for plaintiff in the sum of $4,000, and judgment was entered for that sum. The appeal is from the judgment and order denying a motion for a new trial. Appellant and respondent agree that the only point in the case for this court to determine is as to whether plaintiffs' action was barred by the statute of limitations. The action was commenced September 30, 1902. The defendant Lammers failed to build his levee and plaintiffs, after demanding that he build it, and his further neglect to do so, built such levee on defendant's land as he had agreed to build. There is nothing in either the contract of March 4th or of June 8th providing that if one party should fail to build the levee he agreed to, the other party should do so. The contract is silent as to that. Plaintiff claims that this is a suit for damages for a breach of the contract on the part of the defendant in not building his levee as he had agreed to. If this can be treated as an action for damages for breach of contract, then it is upon the written contracts and is brought within four years of the time that the work was completed, to wit, December 1, 1898. As we understand the contract, the lands of neither would be reclaimed unless the levee should be built on the lands of both, as set forth in the contracts. Plaintiffs completed the levee on their lands, but such levee would not reclaim the land or keep the floods back unless the levee was completed on defendant's land to connect with the levee on plaintiffs' land. Had the floods come after December 1st, and after plaintiffs had completed their levee, and damage done thereby to plaintiffs' land or levee by reason of the failure of defendant to construct his levee, plaintiffs would have had a right of action against defendant for his breach of its provisions, and in that case the damage might have been much more than the cost of completing defendant's levee. The contract of June 8th provided ''that the levee to be built by each of the parties hereto shall be of the same size, height, width, character, and in accordance with the said decision of the aforesaid George A. Atherton, civil engineer, and each and both of said levees shall be complete between the date of this contract and December 1, 1898.'' It is true that the dimensions, which may be called the plans and specifications, were not set forth in the contract, but were left to the civil engineer

to determine, but this had been done else plaintiffs could not have completed their levee. The testimony of one of the plaintiffs, P. Fabian, shows that on June 8, 1898, the information was communicated to defendant that Civil Engineer Atherton had determined the size of the levee to be three feet above the high-water mark of 1890, with a ten-foot top and a slope of three to one on the sides, and defendant said that he had no objections to this.

Appellant claims the right of action is on a new contract and a contract not in writing, a mere implied contract, and cites *Chipman* v. *Morrill & Webster*, 20 Cal. 131, as authority. In that case the surety on a promissory note paid the note, and the court held that his right of action was not based upon the contract in the note, but upon a new contract not in writing, and his suit must be commenced within two years after he paid the note. We have examined *McCarthy* v. *Mt. Tecarte L. & W. Co.*, 111 Cal. 328, [43 Pac. 956], cited by appellant, and are unable to see any application to the question here, for the case at bar is not an action in assumpsit, or a promise merely implied by law, as that case clearly was. It is true that where one enters into a written contract for the purchase of land and pays part of the purchase price, and the contract says nothing about refunding money paid in the event of the refusal of the vendor to convey as he agreed to, an action to recover back the money paid, upon breach of the contract on the part of the vendor, is not based upon the written contract, but upon an implied contract and is governed by two years' limitation, as held in *Thomas* v. *Pacific Beach Co.*, 115 Cal. 136, [46 Pac. 899]. But this does not assist in the determination of the case before us. If the case at bar is not one founded upon contract, then it is not assumpsit founded upon an implied contract, for were it not for the contract of March 4th and June 8th, the plaintiffs would have been no more than mere volunteers in building the levee on Lammers' land, and Lammers would have been under no obligation to pay anything. Appellant seems to ignore the fact that this is a mutual contract in which there is a consideration to each of the contracting parties. The lands of both were to be reclaimed by the construction of the levees as provided in the contract. The consideration to defendant in part was the construction by plaintiffs of their levee. Plaintiffs had paid

this consideration by erecting their levee, and were certainly entitled to have the thing for which they had paid, or its equivalent in damages. And what would that damage be? We answer, that before the floods should come and wash away the plaintiffs' levee it would be the cost of constructing defendant's levee, and that is exactly what plaintiff is suing for here. This doctrine was laid down in *Taylor* v. *North Pac. Coast R. R. Co.,* 56 Cal. 317. The question was as to the measure of damages. The plaintiff had granted to defendant a right of way over his land for its railroad, the defendant covenanting to build for plaintiff a certain wagon road in lieu of one destroyed by the railroad, and also to fence both sides of the way granted and maintain the same. Defendants failed to construct the wagon road or build the fence, and plaintiff sued to recover damages for a breach of the covenant and was permitted to prove the cost of constructing the wagon road and building the fence as the proper measure of such damage. In passing upon the question, the court said: "The plaintiff granted to the defendant a right of way through his property in consideration of which defendant agreed, among other things, to construct the road and fence in question. The building of the road and fence was a part of the consideration for the grant. The defendant chose to stipulate for the payment of the consideration in this way, and we cannot see why it is not as much bound to perform its agreement as if it had stipulated to pay in anything else." Precisely what was done here. Lammers, on his part, and in consideration for the levee to be built by plaintiffs on their land, which would assist in reclaiming his land, agreed to build a similar and sufficient levee on his land connecting with the levee of plaintiffs. The court in the Taylor case said further: "Here the agreement was to build a certain road and a certain fence. Failing to build them, we think defendant should be made to pay what it would reasonably cost to construct them." (See cases cited.)

It is argued by appellant in his brief that the Taylor case, *supra,* is not in point here because the only question there was the measure of damages, and the statute of limitations was not invoked. While there was no question of that kind raised in that case, the action was for a breach of the contract and for damages by reason thereof. It was a suit on the

3 Cal. App.—8

contract, exactly as is the case at bar. Appellant covenanted with plaintiffs in effect that in consideration that plaintiffs built a levee on their land which would assist in protecting his lands from the floods, he would build a like levee on his own land which would, in connection with the plaintiffs' levee, reclaim the lands of both. The contracts are pleaded, the breach shown and the claim is for damages by reason of the breach. Plaintiffs claim no other damage than the actual damage caused by the failure of the defendant to keep his agreement, viz., the cost of building the levee defendant promised to build. There seems to us to be no "implied contract" about it. It is simply a suit to recover in damages the consideration defendant contracted to pay.

Appellant argues that the contracts are part in writing and part oral, inasmuch as the dimension of the levees is not set forth therein, but is referred to the civil engineer to be determined by him. The evidence shows that defendant, on June 8th, the very day the contract was signed, knew the dimensions Atherton had fixed and then agreed to them and, in fact, defendant commenced work on his levee, and what he did was performed according to the specifications made by the civil engineer, Atherton. In support of this contention, appellant cites section 160 of Bishop on Contracts, which reads: "A contract partly in writing and partly oral is, in legal effect, an oral contract. It occurs where an incomplete writing, or one expressing only a part of what is meant, is, by oral words, rounded into the full contract; or, where there is first a written contract and afterward it is changed orally." But how can this apply to the contracts in this case? Here the thing contracted to be done is to build a levee of sufficient height and width, to be determined by the parties to the contract or by a civil engineer. We think it sufficient that the contract was certain as to parties and their respective agreement. What defendant agreed to do is ascertained therefrom to a common certainty. No question has ever arisen, so far as the record shows, between the parties as to the particular dimensions of the levees to be built. We have carefully considered all the authorities presented by appellant upon this point, as well as all others, and are unable to hold with him as to their application.

The action is upon a written contract and was commenced within four years after the right accrued, and is, therefore,

not barred by any section of the code pleaded by the appellant.

Judgment affirmed.

Chipman, P. J., and McLaughlin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 17, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1906.