[Civ. No. 1748.   Second Appellate District.—July 28, 1915.]

## FRANK C. TURNER, Appellant, v. A. C. HOWZE et al., Administrators, etc., Respondents.

ACTION FOR DAMAGES—BREACH OF CONTRACT—PAYMENT OF MORTGAGE DEBT—EXTENSION OF TIME—UNAUTHORIZED ACT OF AGENT.—Where an owner of a tract of land and an agent, to whom the exclusive sale thereof had been given for a fixed period of years, make an agreement that the latter may, for the purpose of raising money for the building of houses upon the lots into which he has subdivided the tract, execute a mortgage on the property to run for not less than two years, and that the owner will convey the land to the agent, or to his nominee, for the purpose of making a loan, and that after the consummation of the same, the land shall be immediately reconveyed to the owner, the agent after the obtaining of the loan and the execution of the mortgage, has no authority to extend the time of payment of the loan, so far as the owner is concerned, without the owner's consent, and an agreement between the mortgagee and such agent for such an extension is not binding upon the owner, who may, upon the failure of the agent to pay at the original time, recover damages against him in the amount of the mortgage indebtedness, and that too without first paying the mortgage debt.

ID.—BREACH OF PROVISION AS TO STREET WORK—RECOVERY OF REASONABLE COST.—Where the agent also fails to perform the provision of the agreement within the designated time as to the putting in of street work, sidewalks, and curbs, the owner is entitled to recover as damages the reasonable cost of such work, notwithstanding the contract had not been terminated or forfeiture declared.

ID.—RECOVERY OF DAMAGES—RIGHT TO SUBSEQUENT PERFORMANCE.—In such an action it is immaterial that the agent subsequent to the payment of such damages would still have the right under his original agreement with the owner to complete the performance of his agreement as a whole and obtain conveyance to himself or others of the remaining lots of land.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Stephens & Stephens, for Appellant.

W. W. Butler, for Respondents.

CONREY, P. J.—The plaintiff in this action appeals from the judgment and from an order denying her motion for a new trial. The action was brought against John Howze to recover damages on account of certain partial breaches of a contract, which contract, except for such breaches, remained in force at the commencement of this action and at the time of trial and judgment herein. The defendant Howze died after the briefs were filed on this appeal and the above-named respondents were duly substituted for him as parties herein.

On the eleventh day of April, 1908, the plaintiff being the owner in fee of a twenty-acre tract of land in the city of Los Angeles, entered into a contract with the defendant John Howze whereby she appointed him exclusive agent to subdivide and make sales of lots in the subdivision of the land described in the complaint; the agent to act without compensation, except as provided in the contract. The prices of lots were to be distributed so that the price of the whole of the land should net to the plaintiff the sum of fifty thousand dollars and the defendant was to diligently prosecute the business and complete the same as soon as the same could reasonably be done, not exceeding five years after the fifteenth day of April, 1908, time being made of the essence of the contract.

On April 29, 1909, a supplementary agreement was entered into by the same parties to take the place of certain terms of the original agreement, for the purpose of enabling the defendant to raise money for the building of houses upon lots of said subdivision and thereby to promote sales of lots. After reciting the fact that the defendant in pursuance of the original agreement had subdivided the property into 128 lots of which 126 lots were unsold, this later agreement specified that the defendant should have the right to encumber 125 lots of the subdivision to the extent of one hundred and sixty dollars upon each lot, and that he or his nominee might execute a mortgage to secure a note or notes for the money so borrowed, such mortgage indebtedness to run for not less than two years; that the plaintiff would convey the property to the second party or his nominee for the purpose of making said loan and that after the execution of such mortgage and notes the property should be immediately reconveyed to the plaintiff. The defendant, party of the second part, further agrees in said supplementary agreement "that he will pay the principal and interest upon said several notes as they fall due and will hold

the said property free from foreclosure and from lien of said mortgages.''

Thereafter the defendant organized a corporation under the name The Bungalow Construction Company; at the request of defendant, the plaintiff conveyed to The Bungalow Construction Company the property thus agreed to be mortgaged; The Bungalow Construction Company mortgaged the property to the Title Guarantee & Trust Company to secure a note given on the same date, May 14, 1909, for the sum of eighteen thousand dollars, payable one year after date; whereupon the same property was reconveyed to the plaintiff subject to said mortgage.

According to one of the terms of the original contract, the plaintiff agreed to execute conveyances of the lots as they would be sold, upon the payment to her of specified proportions of the purchase price as outlined in the said agreement.

The exact time of commencement of this action does not appear in the record, but the second amended complaint (on which the action was tried) was filed July 13, 1911; and it is asserted by appellant's counsel and not denied by the others that the action was commenced more than two years after May 14, 1909. The first count of the complaint is based upon the alleged failure of the defendant to pay the principal and interest upon the note and mortgage executed to the Title Guarantee & Trust Company. It was found by the court and is not at this time denied, that at the time of the trial of this action there remained unpaid on said mortgage indebtedness the sum of thirteen thousand six hundred dollars of the principal sum thereof; and that said mortgage remains a first lien upon all of the property mortgaged as above stated, except twenty three lots conveyed by plaintiff at the request of the defendant, of which lots three were so conveyed after May 14, 1910, to wit: on June 10, 1910.

It will be observed that the mortgage note by its terms matured on May 14, 1910. Nevertheless, the court found that said note and mortgage were not at the time of the commencement of this action, or at the time of the trial thereof, due, and that the plaintiff has not been damaged in any sum by reason of the alleged failure of the defendant to pay the mortgage debt when due.

There is no conflict in the evidence upon which the court seems to have based this finding on the question of maturity

of the debt. There is no evidence that on or before May 14, 1910, the payee granted any extension of time for payment of the note. The payee by its authorized agent indorsed memoranda showing extensions of time of payment as follows: On September 1, 1910, extended to September 1, 1911; on September 29, 1911, extended to November 1, 1912; on May 14, 1912, extended to June 1, 1912. Assuming that these were sufficient and valid extensions of time as between The Bungalow Construction Company and the Title Guarantee & Trust Company, it remains undisputedly true that such extensions were not made with the consent or even with the knowledge of the plaintiff. The appellant herein contends that the evidence is insufficient to justify the finding "that at the time of the commencement of this suit said note was not due."

Considering the case as between the plaintiff and the defendant John Howze, we think that this contention of appellant should be sustained. It is true, as pointed out by counsel for respondents, that the agreement of April 29, 1909, authorized the execution of a note to run for two years or more, such period being left for settlement at the discretion of the defendant, with the right on his part to have the loan mature at least as late as the time of expiration of the five years allowed for the termination of the entire contract. But when that discretion had been exercised, the loan obtained and the note and mortgage executed, the time of maturity of the loan was thenceforth beyond control of the defendant John Howze, so far as the plaintiff herein was concerned. His agreement of April 29, 1909, to pay the proposed mortgage debt as it would fall due then became a specific and definite agreement to pay this particular note and obtain release of this particular mortgage on the fourteenth day of May, 1910. His failure to keep good this agreement was a breach of this part of his contract. Such breach having occurred, the party not in default was entitled to recover damages therefor. The measure of her damages is the amount of the indebtedness, and she may recover those damages without first paying the mortgage debt. We base this ruling upon the decision of the supreme court in *Meyer* v. *Parsons*, 129 Cal. 653, [62 Pac. 216]. It was there held that where, upon sufficient consideration, the defendant agreed with the plaintiff to pay certain indebtedness of the plaintiff to creditors, that on a failure to keep that promise the plaintiff is entitled to recover whatever damages he has

sustained by reason of such failure, and that the damages are the same whether he has already paid the creditors or must yet inevitably pay them. In the present case the debt which Howze agreed to pay was not an indebtedness of Mrs. Turner, but was in substance a debt of Howze for which the property of Mrs. Turner was given as security. There is no difference between this case and *Meyer* v. *Parsons* which can reasonably prevent that decision from being applicable in favor of the plaintiff here.

But counsel for respondents says that the case at bar is to be distinguished from the cases cited by appellant, because here the contract provided for many things the doing of which was to extend over a period of years, and that by the express language of the contract defendant was permitted to make a mortgage for two years or more. It is well settled that even the partial breach of a contract ordinarily gives rise to a cause of action for damages. "After the time has elapsed and the act has not been done, he may sue and recover for a nonperformance, notwithstanding the fact that by the terms of the agreement other things remain to be performed, unless they are in their nature incapable of separation." (6 R. C. L. .1021, being sec. 382 of article on Contracts; and authorities there cited.) The fact that subsequent to payment of such damages the defendant would still have the right to complete his performance of the agreement as a whole and obtain conveyance to himself or others of the remaining lots of land, is immaterial for the purposes of this action. Neither is it necessary to decide whether in such event the defendant would have the right as a matter of equity to be allowed to deduct from the entire contract price the amount of damages thus paid.

The second cause of action is based upon the alleged breach of a provision in the. original agreement to the effect that within eighteen months after the signing and execution thereof the defendant would have said tract of land subdivided, street work in and sidewalks and curbs completed in accordance with the ordinances of the city of Los Angeles. It is alleged that the defendant in pursuance of the contract subdivided said property into 128 lots and had a map thereof made which was duly recorded; that the defendant wholly failed to perform his above mentioned covenant with respect to putting in the street work and putting in the sidewalks and

curbs; that the reasonable cost of putting in said street work and completing such sidewalks and curbs in accordance with the said ordinances is the sum of seven thousand five hundred dollars; that by reason of said breach the plaintiff was damaged in the sum of seven thousand five hundred dollars. The court's only finding with reference to this alleged breach of the agreement is that plaintiff has not been damaged in the sum alleged or in any sum or at all, "on account of the alleged failure to put in any street work, sidewalks or curbs on said land of said plaintiff." Counsel for respondents agrees with counsel for appellant in their view that "the lower court seems to have taken the view that inasmuch as it did not appear in this action that all of the rights of the respondent under the contract had been forfeited at the time the action was brought, the respondent might perform the contract and all of the property having then passed from the appellant to the respondent or his nominee, the appellant would not be damaged by respondent's failure to do the street work." The argument for respondents is that the provision for the doing of the street work was one of many things to be done by the respondent and that although respondent may have been guilty of a technical breach of this provision by failing to complete the work on the day specified, still, the contract not having been terminated and no forfeiture having been declared by appellant for the failure of respondent to complete this work on time, respondent still has a right to sell all the property and pay to appellant all of her money, or to purchase the entire property from appellant and pay her all of her money; that in either of these events it would be immaterial to appellant whether the work was ever done or not. The foregoing argument takes no account of the fact that time was made of the essence of the contract and that the failure of the defendant to perform his covenant resulted in a diminution of the security of the plaintiff for the performance of the entire contract, and ignores the fact that this term of the agreement was a part of the consideration for the plaintiff's agreement whereby she gave the defendant an exclusive agency and withdrew her property from the general market practically for a period of five years, except as it might be sold by the defendant. We see no reason why the same rule should not be applied here which we have applied to the preceeding cause of action with respect to the principles govern-

ing the recovery of damages for partial breaches of a contract. The measure of damages in such a case is the reasonable cost of performing the work agreed to be done by the respondent. (*Taylor* v. *North Pacific C. Ry. Co.*, 56 Cal. 317; *Fabian* v. *Lammers*, 3 Cal. App. 109, [84 Pac. 432].)

As to the third cause of action, the court rendered judgment in favor of plaintiff for what seems to have been the correct amount due. Although the appeal from the judgment is general in terms and apparently an appeal from the whole thereof, the appellant does not complain of that part of the judgment and the defendant did not appeal therefrom. Without discussion, it is proper to say the plaintiff appears to have been entitled to the judgment rendered on this third cause of action, and the order about to be made should not be construed so as to imply anything to the contrary. The judgment and the order denying plaintiff's motion for a new trial are reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 26, 1915.