[Civ. No. 32057.   Second Dist., Div. Four.   Oct. 2, 1968.]

VALLEY VISTA LAND CO., Plaintiff and Appellant, v. NIPOMO WATER & SEWER CO., Defendant and Appellant; JAKE WILL, Defendant and Respondent.

Cavalletto, Webster, Mullen & McCaughey, Richard Whiston and Joe B. Hudgens for Plaintiff and Appellant.

Lyle W. Rucker for Defendant and Appellant.

Richard P. Weldon for Defendant and Respondent.

COLLINS, J. pro tem.*—The complaint characterizes this action as one to impress and enforce a vendor's lien on real property. The trial court awarded the plaintiff Valley Vista Land Co. (hereafter Valley Vista) a money judgment against one defendant (Nipomo Water & Sewer Co., hereafter Nipomo) and further adjudged that said obligation "shall not constitute a vendor's lien . . . as against defendant JAKE WILL . . . but that the deed of trust in favor of said defendant JAKE WILL . . . is expressly declared to be prior in rights to the unpaid indebtedness which defendant NIPOMO WATER & SEWER Co. owes to plaintiff VALLEY VISTA LAND Co." Nipomo appeals from that portion of the judgment which holds that it is indebted to Valley Vista in the sum of $40,000. Valley Vista appeals from that part which decrees that its judgment (i.e., the indebtedness of Nipomo) shall not constitute a vendor's lien on the subject real estate as against Jake Will, and declares that the latter's deed of trust shall have priority in right to said indebtedness.

The complaint alleges that, on November 9, 1962, Valley Vista sold and conveyed to Nipomo a certain 20-acre parcel of real property in San Luis Obispo County; that, "[a]s pay-

---

*Assigned by the Chairman of the Judicial Council.

ment of the purchase price for the aforementioned conveyance," Nipomo agreed in writing[1] to furnish water and sewer facilities to an adjoining 40-acre parcel of land owned by Valley View; that the parties "agreed that the value of the consideration for the aforementioned conveyance was $40,000.00";[2] that Nipomo has not paid any part of said

[1]The agreement, photocopy of which is attached to the complaint, states that it was executed "Nov. 7, 1962," while the grant deed was dated November 9, 1962, and bears the acknowledgment of Valley Vista's signatory officers on the same date and shows that its recordation in the office of the County Recorder occurred December 10, 1962.

The text of the agreement (omitting signatures and the notarial acknowledgment) is as follows:

"THIS AGREEMENT entered into by and between VALLEY VISTA LAND Co., a California Corporation and NIPOMO WATER & SEWER Co., a California Corporation

"WITNESSETH:

"THE VALLEY VISTA LAND CORPORATION is the owner of 40 acres and NIPOMO WATER & SEWER Co. is the owner of 20 acres within the boundaries of portions of Lots 29 and 30 of H. C. Wards Subdivision of the Rancho Nipomo in the county of San Luis Obispo, State of California, according to the map thereof recorded June 11, 1880 in Book A, page 13 of Maps in the office of the County Recorder of said county, said land herein shown as 'Exhibit A'.

"WHEREAS, Nipomo Water & Sewer Co. agrees to the following services and conditions:

"1—Furnish Water & Sewer to said 40 acres
  (a) Water & Sewer to be in approved easement granted Valley Vista Land Corp.
  (b) Manholes to be placed not to exceed every 500 ft.
  (c) Water & Sewer to be placed in dedicated road from Hiway #101 to 20 acres owned by Nipomo Water & Sewer Co.
  (d) Hold Valley Vista Land Co. harmless for any engineering cost for road through said 40 acres.

"WHEREAS, Valley Vista Land Co. agrees to the following services and conditions:
  (a) Pay all dirt moving and hauling costs from 20 acres owned by Nipomo Water & Sewer Co. to the 40 acres owned by Valley Vista Land Co.
  (b) Provide paved road through said 40 acres to said 20 acres.
  (c) Provide well site for any drilling Nipomo Water & Sewer Co. may need to supply water.
  (d) Pay water rates as set by Water Utilities Corp., and/or Directors of said Nipomo Water & Sewer Co.

"IN WITNESS WHEREOF:

"VALLEY VISTA LAND Co. and NIPOMO WATER & SEWER Co. have executed this agreement this day of Nov-7 1962"

[2]The complaint, as filed, pleaded $18,000 as the agreed value, but some 14 months later at a pretrial conference the trial court granted plaintiff's motion to substitute "$40,000.00 for "$18,000.00" in the allegatory paragraphs and in the prayer. At the trial the evidence indicated that faulty communication between attorney and client at the time the complaint was prepared resulted in an erroneous figure of $18,000 being pleaded based possibly on the representation that $19.80 in United States documentary tax stamps were affixed to the deed (which at the rate of $1.10 per thousand represents $18,000).

purchase price. It is further alleged that Nipomo later conveyed the 20-acre parcel to Nipomo Development Co.,[3] which gave no consideration therefor; that Nipomo Development Co. in turn executed a note and deed of trust covering said parcel to defendant Jake Will, beneficiary, as trustee for certain creditors of Nipomo Development Co.; that Nipomo is insolvent and unable to pay the agreed purchase price for the parcel. Accordingly, the prayer of the complaint asked the court to adjudge that Valley Vista has a lien on the subject parcel and that the lien be foreclosed, that the parcel be sold, and that the proceeds be applied to satisfy the lien.

Nipomo's answer admits the sale and conveyance of the 20-acre parcel by Valley Vista, and the written agreement between the parties as pleaded in the complaint. The answer expressly denies that the parties agreed that the value of the consideration for the conveyance was any monetary amount (either $18,000 or $40,000 or any other sum). Nipomo admits that it has not paid any monetary consideration and denies that any is due. It denies that Nipomo Development Co. received the 20-acre parcel without giving any valuable consideration therefor or with knowledge that Nipomo had not paid Valley Vista the alleged agreed purchase price.

As a special defense, Nipomo alleges that, on the date of the written agreement, November 7, 1962, it possessed a franchise granted by the County of San Luis Obispo for the purpose of constructing a water and sewage disposal line from the town of Nipomo, California, to the parcels of both parties and others lying adjacent to or near Highway 101; that mutual covenants in the agreement between the parties obligated each to perform certain conditions, among which were obligations on the part of Valley Vista to pay dirt moving and hauling costs, provide a paved road through the 40-acre parcel to the 20-acre parcel, provide a well site for any drilling Nipomo might need to supply water, and to pay water rates as established; that as a prerequisite to the performance of Nipomo's covenant to furnish water and sewer lines and facilities, Valley Vista was obligated to procure from the county an easement for a dedicated road in which the water and sewer lines were to be placed, to lay out the road and have it approved and accepted by the county as well as by Nipomo. It is further alleged that

[3]Nipomo Development Co. was named as a defendant in the action, but the judgment makes no determination as to it. It is a wholly owned subsidiary of Nipomo, and Mr. Taylor P. Everett, its president, is also president of Nipomo.

Valley Vista has not complied with these covenants binding upon it, and until it does so, Nipomo has neither a legal right nor a duty to furnish the agreed water and sewer facilities to the 40-acre parcel.

As a second and separate affirmative defense, Nipomo alleges that Valley Vista's cause of action, insofar as it pleads and prays for recovery of an allegedly agreed monetary consideration, is barred by the provisions of section 339, subdivision 1, of the Code of Civil Procedure,—that is, the two-year statute of limitations governing "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing, . . ."

The answer filed by defendant Jake Will (the beneficiary named in the trust deed), as trustee for creditors of Nipomo Development Co. denies, for lack of information or belief, many of the complaint's allegations covering dealings between Valley Vista and Nipomo, except Will admits that, on November 9, 1962, Valley Vista conveyed the 20-acre parcel to Nipomo by grant deed and further admits that, on October 7, 1963, Nipomo conveyed the same parcel to Nipomo Development Co.; also that, on October 18, 1963, the latter executed a promissory note secured by a deed of trust of said 20-acre parcel in favor of Jake Will as trustee for creditors.

As an affirmative defense Will's answer alleges that said deed of trust secures a promissory note payable to Will as trustee in the aggregate sum of $37,699.14, and that Will and said creditors of Nipomo Development Co. "own the beneficial interest in said trust deed as bonafide [sic] encumbrances in good faith and for value and without notice, actual or constructive, of any alleged lien" in favor of Valley Vista. A second affirmative defense alleges in general language that Valley Vista acting through its officers and agents, "has expressly and by acts and omissions inconsistent with the continued existence of a vendor's lien waived the same."

The trial court's formal findings of fact determined the facts pertinent to the pending appeals as follows: that Valley Vista and Nipomo agreed that the value of the consideration flowing to each party was $40,000; viz, the value of the 20-acre parcel conveyed by Valley Vista and the value of the services and installation of water and sewer services to be furnished by Nipomo; that Nipomo failed to perform any of the obligations of the November 9, 1962, agreement which it promised to perform; that the provision in said agreement

concerning the removal of dirt from the 20-acre parcel to the 40-acre parcel was a right of Valley Vista in the nature of a *profit à prendre* and was not an obligation to be performed by it; that Valley Vista was not required to provide a paved road over the 40-acre parcel to the 20-acre parcel until such time as Nipomo extended a sewer and water trunk line adjacent to the 40-acre parcel; that Valley Vista fully performed its obligation under the agreement and was excused from further performance because of Nipomo's complete failure to perform its obligations; that the value of the unpaid consideration owing to Valley Vista from Nipomo is the sum of $40,000; that the conveyance of the 20-acre parcel by Valley Vista to Nipomo was based upon a worthless obligation of Nipomo and was without consideration; that, as between these parties, Valley Vista is entitled to a vendor's lien on the 20-acre parcel in the sum of $40,000; that Jake Will and the named creditors for whom he took title under the deed of trust did not know that Nipomo had not performed its obligations to Valley Vista and did not know that the conveyance by Nipomo to Nipomo Development Co. was without consideration; that Jake Will and said creditors gave up creditor rights against Nipomo Development Co.'s other properties in consideration of the execution of the note and trust deed; that Valley Vista's rights are junior and secondary to the lien of the note and trust deed in favor of Jake Will and said creditors; that Valley Vista failed to timely establish its vendor's lien as against Jake Will and said creditors and thus waived its vendor's lien as to them.

Conclusion of law were signed and judgment signed and entered consistent with these findings.

At the trial the only witnesses were the litigants, or their officers, namely, Charles Pasquini, president of Valley Vista, Taylor P. Everett, president of Nipomo, and Jake Will, holder of the beneficial interest in the deed of trust as trustee for creditors.

The reporter's transcript has been read in its entirety. No useful purpose would be served in attempting to synopsize the entire record. To a large extent the testimony deals with the respective understanding of Messrs. Pasquini and Everett as to the meaning of several provisions and the contemplated time for performance of each party's respective obligations under the agreement. The agreement was drafted by Mr. Everett alone. The trial court permitted much self-serving

and conclusionary testimony to be given by the two principal witnesses, no doubt in the expectation that asserted ambiguities would be clarified thereby. To a degree these expectations were realized. But the record reflects numerous conflicts and disparities between the factual contentions of the respective parties. Efforts to impeach witnesses by resort to their earlier depositions in the subject and collateral litigation were not very successful due in part to the imprecision and ambiguity of both questions and answers. In addition, Nipomo's opening brief cites and quotes from depositions which have never been made a part of the trial record.[4] Of course we decline to consider matters outside the record. (*Gantner* v. *Gantner,* 39 Cal.2d 272, 278 [246 P.2d 923]; *Dryer* v. *Dryer,* 231 Cal.App. 2d 441, 451 [41 Cal.Rptr. 839]; *Green* v. *Green,* 215 Cal App. 2d 31, 36 [30 Cal.Rptr. 30]; *Lady* v. *Barrett,* 43 Cal.App.2d 685, 687 [111 P.2d 702]; and see 3 Witkin, Cal. Procedure (1954) Appeal, § 73, p. 2230.)

Struggling as we have done with such a record, we can do no more than determine whether it discloses that the trial court committed errors calling for reversal, or whether the evidence, as adduced, substantially supports the court's findings and suffices as a basis for the judgment. Having thus considered the matter, we conclude that no reversible error attended the trial court's rulings; that there was substantial evidence to support the trial court's findings; and that the findings support the judgment.

We do take notice of the contention that there was no adequate evidence to support a finding that $40,000 represents the measure of Valley Vista's damage The uncontradicted evidence showed that just a few days before the making of the subject agreement[5] Mr. Pasquini of Valley Vista purchased a tract of 60 acres for $120,000 which was at the rate of $2,000 per acre, and this same valuation per acre was placed on the 20-acre parcel conveyed to Nipomo, and that the total value of $40,000 roughly matched Nipomo's own estimate of $1,000 per acre as the cost of bringing water and sewer lines to the Valley Vista 40-acre parcel.

---

[4]California Rules of Court, rule 13, requires that appellant's opening brief shall contain a statement of the case. ''The statement shall be accurate and confined to matters in the record on appeal.''

[5]The real estate broker who handled the sale-purchase negotiations was Bernice (''Billie'') Everett, wife of Taylor Everett, president of Nipomo, and herself once an acting secretary of Nipomo.

On the record before us the trial court was justified in interpreting the agreement as requiring Nipomo to perform preliminary water and sewer installation services before any obligation to perform befell Valley Vista, and since Nipomo failed to perform, the measure of damage to Valley Vista was $40,000. (*Higgins* v. *Grant*, 111 Cal.App. 351, 354 [295 P. 532]; *Turner* v. *Howze*, 28 Cal.App. 167, 173 [151 P. 751]; *Fabian* v. *Lammers*, 3 Cal.App. 109, 113 [84 P. 432].)

There was ample evidence from which the trial court could infer that Nipomo's failure to perform was not the failure of Mr. Pasquini to obtain and record a dedicated public road, as contended, but was due to the financial involvement of Mr. Everett and his corporations in land development and sales projects (e.g., Sunset Park, Unit No. 3), their delinquent indebtednesses (e.g., to McMillan Mortgage Co. and to Jake Will and other materialmen and artisans) and to the failure to materialize of a project from which Mr. Everett expected to obtain funds to finance a sewer plant (e.g., the Moon Hill development and the proposed 100-unit motel project of Callis Taft).

■ As a separate ground of appeal Nipomo urges the bar of the statute of limitations. The argument in its support is that the judgment was for $40,000 for breach of contract, but that there was no written agreement on the part of Nipomo to pay Valley Vista the sum of $40,000, or any other sum; that therefore the claim must be based on an oral agreement, and, as such, it is unenforceable under Code of Civil Procedure, section 339, subdivision 1, which provides a two-year period of limitation for an action founded on an oral agreement.

This is a specious argument which ignores the nature of the action brought by Valley Vista, namely, one to impress and enforce a vendor's lien due to Nipomo's breach of its written agreement. It was not an action to recover ''upon a contract, obligation or liability not founded upon an instrument in writing'' (Code Civ. Proc., § 339, subd. 1).[6] Hence, cases

[6]On the basis of the evidence, Valley Vista was well advised not to seek a simple money judgment, since Nipomo was merely a shell corporation, organized only a short time prior to the November 1962 agreement. It had never issued any stock; it had no assets and its asserted ''capital contribution'' comprised money claimed to have been expended for preliminary engineering and preparatory work on the proposed sewer and water lines. It had not paid Chicago Pump Co. for sewer plant and equipment which was later removed. The evidence indicated that Nipomo not only had no operating capital, but that it was obligated to another landowner (Callis Taft), to perform water and sewer installations for an adjoining subdivision and that it did not perform any substantial work on a sewer plant at any time.

cited by Nipomo which deal with such transactions are inapposite and mere quotations therefrom of legal principles unrelated to the context of the instant facts are not persuasive, and do not merit any analysis here.

We conclude, as did the trial court, that Valley Vista's action was not barred by the cited statute of limitations. (See *Fabian* v *Lammers, supra,* 3 Cal.App. 109, 113-114.)

The appeal by Valley Vista that Jake Will's trust deed should not be accorded priority over its $40,000 judgment relies largely on the case of *First Nat. Bank* v. *Pomona Tile Mfg. Co.,* 82 Cal.App.2d 592 [186 P.2d 693], in support of its argument that Jake Will stands in the position of an assignee for benefit of creditors and, as such, he occupies no better position than his assignor, Nipomo Development Co. The *Pomona Tile* case and the instant one cannot be equated so simply. In *Pomona Tile* a rather complicated mode of financing a Navy prime contractor evolved after it (Joaquin Potteries) became delinquent in its payments to Pomona, the subcontractor. Assignments to their respective bankers with some Navy department participation was the solution. We need not here consider the timing of an assignment by Joaquin to the board of trade and the respective priorities of the contending claimants to the available fund. It is enough to observe that the court found ''Pomona should prevail because it is entitled to do so under each of the three generally recognized rules of priority between successive assignees of the same claim.'' (82 Cal.App.2d at page 605.) Also, the court determined that ''. . . Pomona's equity in the fund is essentially superior to that of the board because Pomona sold its goods to Joaquin in reliance upon payment from this particular fund while the creditors, represented by the board, were content to trust to merely the business responsibility of Joaquin.'' (82 Cal.App.2d at page 605.)

In the instant case Jake Will and the creditors surrendered absolutely their causes of action, attachment and lien rights against Nipomo Development Co. in exchange for a promissory note secured by a deed of trust. These facts alone so effectively distinguish the two cases as to render the law of the *Pomona Tile* case inapplicable.

Valley Vista argues that *Schut* v. *Doyle,* 168 Cal.App.2d 698 [336 P.2d 567] should control here. We need not search for parities between *Schut* and the present case, or attempt refined distinctions between either of them, and the *Pomona*

*Tile* case, beyond observing that *Schut* does affirm the principle that a mortgage given to secure a pre-existing debt confers upon the mortgagee the status of a purchaser for a valuable consideration within the purview of Civil Code section 3048, which expressly provides that a vendor's lien yields to a "purchaser or encumbrancer in good faith and for value." We hold that the Will deed of trust falls within the exception stated in section 3048.

Furthermore, there was substantial evidence in the record from which the trial judge could conclude that Valley Vista failed to take timely measures to establish its vendor's lien and that its failure to do so operated as a waiver (see *Finnell* v. *Finnell*, 156 Cal. 589 [105 P. 740, 134 Am.St.Rep. 143]); also, that Jake Will and his fellow creditors surrendered mechanics lien rights and other rights against Nipomo Development Co. when they agreed to accept a note secured by a deed of trust on the 20-acre parcel. (See *Naglee* v. *Lyman*, 14 Cal. 450.) Truly, the evidence was in conflict as to how much Will and other creditors knew of the financial plight of Nipomo Development Co., and its parent corporation, Nipomo, at the time the note and trust deed were executed. However, the same may be said respecting Valley Vista's knowledge of the same matters. The record shows that Mr. Pasquini's attorney attended a meeting of the creditors of Nipomo Development Co.; also that Mr. Pasquini, or a company controlled by him, held a subordinated second trust deed on Nipomo Development Co.'s Sunset Park Tract, which, like the lien rights of the Nipomo Development Co. creditors, was subject to impairment by McMillan Mortgage Company's threat to foreclose its first trust deed on the property. For aught that appears, Valley Vista had ample time between November 1962 and October 1963 to assert lien rights on the 20-acre parcel before it was conveyed to Nipomo Development Co.[7]

Valley Vista also argues that Nipomo Development Co. did not have record title to the 20-acre parcel at the time Mr. Everett proposed, on behalf of Nipomo Development Co., to give the creditors a note secured by a trust deed thereon. We

---

[7]The record indicates that sometime during the year 1964 Valley Vista sold 20 acres from its 40-acre parcel to a Mr. and Mrs. Ford. This was prior to the filing of the present action on January 18, 1965. Strictly speaking, this sale has no bearing on Valley Vista's right in the present case, but it does indicate that Valley Vista concluded in 1964 (if not earlier) that Nipomo was not going to perform the agreement of November 7, 1962.

do not deem the brief time interval as indicative of bad faith on Will's part.

It is significant that no charge of fraud has been made against Will or any of the creditors, and the record discloses no conduct on their part which might properly be called fraudulent or deceptive behavior. In any case, the trial court's determination as to the worth and weight of the evidence, conflicting though it was, is binding upon us, absent errors in admission or in application of legal principles which we do not observe as existent here. (*Brinkmann* v. *Liberty Mut. etc. Ins. Co.*, 63 Cal.2d 41, 44 [45 Cal.Rptr. 8, 403 P.2d 136] ; see 3 Witkin, Cal. Procedure (1954) Appeal, § 84, p. 2245 and *Id.* 1967 Supp. *ibid.*)

The judgment of the trial court is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.