JOSEPH E. BOLLES *vs.* E. SACHS and others.

July 27, 1887.

**Written Contract—Evidence of Consideration.**—A written agreement
not showing upon its face mutuality of obligation, or other consideration,
may be supported as a contract by another written contract made at the
same time, and shown to have been a consideration for the former agree-
ment.

**Same—Recital of Consideration—Evidence.**—The recital in a contract
of a money consideration paid, does not exclude parol evidence of an ad-
ditional consideration.

**Damages—Contract of Employment for Uncertain Time.**—A contract
for the employment of a person in a particular business as long as the lat-

ter may elect to serve being broken by the employer, the employe, having never fixed by his election the period of service, cannot recover substantial damages, the obligation violated being too uncertain.

Contract—Breach.—One who voluntarily disables himself from performing specifically his contract becomes at once liable in damages.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried before *Lochren*, J., and a jury, and a verdict of $2,958 rendered for plaintiff.

*A. B. Jackson*, for appellants.

*T. W. Hammond* and *Smith & Reed*, for respondent.

DICKINSON, J.[1]    Prior to September 26, 1885, the plaintiff and another person, as copartners, had been engaged at Minneapolis in the sale of bottled mineral water and other goods, which they had been accustomed to procure from the defendants. At that date, the partnership being indebted to the defendants to the amount of some $9,500, the plaintiff in behalf of his firm sold and assigned to the defendants all of their merchandise, trade fixtures, and accounts for the expressed consideration of $9,500. This was afterwards ratified by the plaintiff's partner. At the same time, and, as the plaintiff claims, as a part of the same transaction, the plaintiff and the defendants executed a further agreement in writing, dated on the same day, whereby, for the expressed consideration of the agreement of the plaintiff to conduct the business of the defendants, selling such goods at Minneapolis as provided in that instrument, the defendants agreed, for so long a time as the plaintiff might elect, to employ the plaintiff in that business; agreeing also that the plaintiff should have absolute and sole control of the business, and that the defendants would not employ any other agent or sell their goods to any other person. The defendants further agreed by this instrument to pay to plaintiff $2,000 out of the first moneys collected from the accounts of the firm of Bolles & Co. "this day transferred" to the defendants; and, as compensation for such employment, to pay to the plaintiff one-half of all the profits to be derived from the business conducted by the latter. "In consideration of the agreements of the second party hereinbefore set forth," the first party, the plaintiff, agreed to conduct and manage

[1] Berry, J., because of illness, took no part in this case.

the business to the best of his ability. No period was specified for the continuance of this service of the plaintiff. This action was brought for a breach of this contract, in that the defendants had not paid the $2,000 specified, and had refused to allow the plaintiff to conduct their business, so that he had lost the profits which he would have realized from it.

Upon the trial there was evidence going to show that the plaintiff had assumed to enter upon the performance of the business referred to; but the evidence was conflicting whether what he did was a faithful compliance with the duties referred to in the contract. On or about the 10th day of October the defendants formally discharged him. On the 24th of October the defendants sold the accounts assigned to them, the plaintiff having received $176 only of their proceeds. The cause was tried in November, 1886. The verdict awarded about $1,100 to the plaintiff on account of the alleged breach of the agreement respecting the plaintiff's employment, and (by direction of the court) the $2,000 specified, less the $176 paid.

It is claimed by the defendants that the agreement in respect to the plaintiff's employment was inoperative and void, because there was no mutuality of obligation. The period of service or agency was left expressly and entirely to plaintiff's election; and in view of this it is most reasonable to construe the plaintiff's engagement to manage the business to the best of his ability, etc., not as qualifying his right of election, but as meaning that, during such time as he may elect to carry on the business, he will do so to the best of his ability. There was not, then, any obligation on the part of the plaintiff to enter upon the employment; and, unless the agreement of the defendants to employ him is supported by some other consideration, it would not be obligatory upon them, but might be revoked before the other party had acted upon it. *Tarbox* v. *Gotzian*, 20 Minn. 122, (139;) *Campbell* v. *Lambert*, 36 La. Ann. 35; *Chicago & Great Eastern Ry. Co.* v. *Dane*, 43 N. Y. 240. But if not revoked, and if executed on the part of the plaintiff, so that the defendants received the benefit of the plaintiff's performance, the agreement of the defendants would become obligatory. *Andreas* v. *Holcombe*, 22 Minn. 339; *Grove* v. *Hodges*, 55 Pa. St. 504.

We are, however, of opinion that the two instruments are to be read together as parts of an entire agreement. They bear the same date, and were executed at the same time, as is apparent from the case. The contract for employment refers to the accounts as that day transferred, and it is admitted by one of the defendants in his testimony that this agreement to pay the $2,000 was a consideration for the bill of sale which embraced the accounts. This evidence was admissible, notwithstanding the consideration clause in the bill of sale, "for and in consideration of $9,500, the receipt whereof is hereby acknowledged." This does not exclude parol evidence of an additional or other consideration. *McCrea* v. *Purmort*, 16 Wend. 460, (30 Am. Dec. 103,) and cases cited; *Goodspeed* v. *Fuller*, 46 Me. 141, (71 Am. Dec. 572,) and cases cited; *Rhine* v. *Ellen*, 36 Cal. 362. And see *Dayton* v. *Warren*, 10 Minn. 185, (233.) Reading the two instruments together as parts of one transaction, the agreement to employ the plaintiff so long as he shall elect to serve, is not without a sufficient consideration. The contract thus gave him the option to fix the period of his service, with perhaps some limitations to be implied from the circumstances of the case.

But here we come to a difficulty which must avoid the verdict, involving, as it does, a receiving of some $1,100 for the breach of this agreement. The damages so assessed consisted of the supposed loss of the profits of the business for a little more than a year intervening between the time of the plaintiff's discharge and the time of the trial. The difficulty to which we refer is the want of *certainty* in the contract respecting the period of service. The contract was perhaps effectual to give to the plaintiff the option to himself fix the duration of it; but unless he exercised that election, and actually determined the period so as to make certain that which by the terms of the contract was uncertain, he could recover only for the period of his actual service. He could not recover, as damages for the breach of the contract, the profits or remuneration which the business might have yielded during any period beyond the time when the contract was broken and the employment terminated. It is self-evident that courts can neither specifically enforce contracts, nor award substantial damages for their breach, when they are wanting in certainty. Damages

cannot be *measured* for the breach of an obligation when the nature or extent of the obligation is unknown, being neither certain nor capable of being made certain. It does not appear that the plaintiff ever determined that he would continue in this business for any definite period, or that he declared his election in this respect. Had he not been discharged, he might at will, at any time after the making of the contract, have himself abandoned the employment because of dissatisfaction in respect to the profits, or for any other reason. Since the period of his service was thus left to depend upon his mere volition, and never became fixed, it cannot be assumed that he would have voluntarily remained in this employment up to the time of the trial,—more than a year,—so as to justify an assessment of damages upon that theory. Perhaps the defendants could not, by abruptly breaking the contract, by discharging the plaintiff, deprive him of the right to exercise his option to fix a definite and reasonable period of service. But, though he might have exercised and declared his election even when he was notified of his discharge, (assuming that his discharge was unjustifiable,) and, by then tendering performance under the terms thus reduced to certainty, have placed himself in a position to recover damages measured with reference to the terms of the contract thus fixed, he does not appear to have done so. For the reason above set forth the verdict cannot stand.

As to the unpaid balance of the $2,000, we think the instruction of the learned judge was right. The defendants, having sold the accounts, and disabled themselves from performing the agreement to pay as specified in the contract, became absolutely and at once liable.

The judgment will be set aside, and a new trial allowed, unless, prior to the entry of judgment upon this decision, the plaintiff shall file in this court a stipulation that the judgment may be modified so as to award a recovery of $1,824, with interest from October 24, 1885. In that event the judgment of the district court will be so modified.