OTIS STAPLES v. EUGENE O'NEAL and Another.[1]

January 29, 1896.

Nos. 9664—(295).

**Contract—Mutuality.**

> Plaintiff, by one entire contract, purchased of defendants a certain quantity of logs at a certain agreed price, and also purchased of them another quantity of logs at another agreed price, but reserved the right to refuse to accept the latter quantity unless they arrived in the boom at a certain time. It might not have been practicable to drive the logs into the boom by that time. *Held*, it must be presumed that in the unconditional part of the contract plaintiff agreed to pay a consideration for the right to exercise the option given him in the latter part of the contract, and that, therefore, the latter part of the contract was not void for want of mutuality, but was enforceable by plaintiff.

Appeal by defendants from a judgment of the district court for Washington county, in favor of plaintiff for $3,578.79, entered in pursuance of the findings and order of Williston, J.    Affirmed.

*J. C. Nethaway*, for appellants.

*J. N. Searles*, for respondent.

CANTY, J.    This is an action to recover damages for the failure of defendants to perform an executory contract made by the parties for the sale of saw logs by defendants to plaintiff.    The case was tried by the court without a jury.    The court found for plaintiff, and from the judgment entered in his favor the defendants appeal.

It is found by the court that in November, 1891, the defendants were the owners of about 1,500,000 feet of saw logs, which were then on the waters of the lake and river St. Croix, and were then also the owners of the standing pine on certain lands in this state to the amount of about 7,500,000 feet; that the parties entered into a written agreement whereby defendants agreed to sell all of said 1,500,000 feet of saw logs then cut, and deliver them to plaintiff "rafted and ready for towing, as early in the season of 1892 as practicable," and to sell and deliver to plaintiff said 7,500,000 feet of timber, to be cut the coming winter.    "Said logs to be delivered in

[1] Reported in 65 N. W. 1083.

said boom as soon as practicable after the same are cut." In consideration thereof plaintiff agreed to pay for said 1,500,000 feet then cut at the rate of $8.50 per 1,000, and to pay for the logs to be cut at the rate of $7.12½ per 1,000 feet. The contract also contained the following provision: "It is further agreed that the second parties will use all possible means to drive the logs to be cut as aforesaid the coming spring, and that the first party is not to be required to take under this contract any logs cut the coming winter that cannot be delivered during the season of 1892, or which are so left that their market value will be injured by worms or otherwise in consequence of not being in the water." The court further found that defendants failed to deliver to plaintiff 561,850 feet of the logs cut in the winter of 1891–92, and also failed to cut during that winter 1,690,230 feet of said standing pine; but that defendants cut this pine the next winter, and refused to deliver to plaintiff any of these logs or said logs cut the winter before, amounting in all to 2,252,-080 feet, though plaintiff demanded them; but that defendants sold all of the same to other parties, and that the market price was then higher than the contract price aforesaid; and the court awarded plaintiff the difference as damages.

The only error assigned is that the findings of fact do not support the judgment, for the reason that the contract is void for want of mutuality, as it is "not mutual and binding on both parties in regard to all logs that did not arrive in the boom during the season of 1892." It is contended by appellants that, as the contract gave plaintiff an option to take or reject all logs to be cut in the winter of 1891–92 which could not be delivered in the season of 1892, therefore the contract is void for want of mutuality, and not enforceable as far as it now remains unperformed.

We cannot agree with counsel. If there is no consideration for the further performance of a contract by one party but the further performance by the other party, with whom it is wholly optional whether he will perform or not, the contract lacks mutuality, and is not enforceable by either party. Bailey v. Austrian, 19 Minn. 465 (535); Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862. But where the party holding the option has already given a valuable consideration for it, he may enforce the contract. Smith v. St. Paul & D. R. Co., 60 Minn. 330, 62 N. W. 392. In other words, if he has bought his

option for value paid, or absolutely agreed to be paid, he has bought a valuable right, which he is entitled to exercise and enjoy. As a part of the contract in this case the plaintiff bought absolutely and paid for 1,500,000 feet of logs, which had already been cut and were afloat when the contract was made. He agreed to pay, and did pay, $8.50 per 1,000 for these logs, and it must be presumed that the consideration for the option was included in this. On the same principle, when a lease gives the lessee an option to purchase, it is presumed that the absolute part of the contract contains a consideration for the giving of the option, and the party holding the option can therefore enforce it. In re Hunter, 1 Edw. Ch. 1; Hawralty v. Warren, 18 N. J. Eq. 124. The same is true as to a lease giving the lessee an option to have it renewed or extended. Such options have always been held enforceable.

We are of the opinion that the contract here in question, and all of it, was enforceable by plaintiff, and the judgment must therefore be affirmed. So ordered.