PETER LANGAN and Another v. SAMUEL J. IVERSON.

December 11, 1899.

Nos. 11,880—(63).

**New Trial—Grounds Stated in Motion.**

If a general order granting a new trial is justified and proper on any one of the grounds set forth in the notice of motion therefor, it will be sustained on appeal to this court, even though not justified on any of the other grounds so set forth.

**Statute of Frauds—Performance within a Year.**

The statute of frauds (G. S. 1894, § 4209, subd. 1) does not apply to a contract which is fully performed by one of the parties at the time, or which may be performed by one of them within a year. Such statute only applies to contracts which cannot be performed by either party within a year.

**Consideration of Deed—Parol Evidence.**

It is competent to show by parol a consideration for a deed different from that expressed therein. Keith v. Briggs, 32 Minn. 185, followed.

Action in the district court for Ramsey county to recover a de-

ficiency judgment for $237.30 on a mortgage alleged to have been assumed by defendant. The case was tried before Harrison, acting judge, and a jury, which rendered a judgment in favor of plaintiffs for the amount demanded; and from an order granting a motion for a new trial, plaintiffs appealed. Affirmed.

*A. E. Bowe,* for appellants.

The agreement was not within the statute of frauds, as not to be performed within one year. Wolke v. Fleming, 103 Ind. 105; Wood, Fr. §§ 278, 279; Addison, Cont. 312; Houghton v. Houghton, 14 Ind. 505; Haugh v. Blythe, 20 Ind. 24; Strohauer v. Voltz, 42 Mich. 444; Spann v. Cochran, 63 Tex. 240; Wilson v. Bevans, 58 Ill. 232; Brown v. Strait, 19 Ill. 88; Clinton v. Studemann, 74 Iowa, 104; Bateman v. Butler, 124 Ind. 223; Price v. Reed, 38 Mo. App. 489; Skinker v. Armstrong, 86 Va. 1011; Morris v. Gaines, 82 Tex. 255; Tuttle v. Armstead, 53 Conn. 175; Lowe v. Hamilton, 132 Ind. 406; McDill v. Gunn, 43 Ind. 315; Waterman v. Morgan, 114 Ind. 237; Turpie v. Lowe, 114 Ind. 37; Helms v. Kearns, 40 Ind. 124; Gold v. Phillips, 10 Johns. 412; Bolles v. Beach, 22 N. J. L. 680; Drury v. Tremont, 13 Allen, 168. The evidence does not tend to contradict or vary the contract. Strohauer v. Voltz, supra.

*Childs, Edgerton & Wickwire,* for respondent.

The alleged agreement was within the statute of frauds, because by its terms it was not to be performed within one year. Tillotson v. Boyd, 4 Sandf. (Super. Ct.) 516, 520; Lower v. Winters, 7 Cow. 263. Partial performance does not take the agreement out of the operation of the statute. Marcy v. Marcy, 91 Mass. 8; Cabot v. Haskins, 3 Pick. 83; Frary v. Sterling, 99 Mass. 461; Broadwell v. Getman, 2 Denio, 87; Lockwood v. Barnes, 3 Hill (N. Y.) 128; Pierce v. Estate, 28 Vt. 34; Browne, Fr. (5th Ed.) §§ 286–290; Warner v. Texas & P. Ry. Co., 54 Fed. 922; Peter v. Compton, 1 Smith, Lead. Cas. (8th Ed.) 614, note, Skin. 353. Parol evidence was not admissible, because tending to contradict and vary the terms of the deed. Maxwell v. Chamberlin (Miss.) 23 South. 266; Lewis v. Day, 53 Iowa, 575; Boozer v. Teague, 27 So. C. 348.

BROWN, J.

In March, 1894, the plaintiffs were the owners of certain real property situated in Ramsey county which they had theretofore mortgaged for the sum of $500. On that day they sold and conveyed it to defendant, upon his promise and agreement, as plaintiffs allege, to assume and pay the mortgage debt, as a part of the purchase price. The deed of conveyance was executed and delivered by plaintiffs at the time the contract of sale was made, is in the usual form of such instruments, and recites that the sale is "subject to a certain mortgage of $500." The mortgage debt was due August 20, 1895,—more than a year after the contract was made. Subsequently the mortgage was foreclosed, and the property bid in at the sale by the mortgagee for about one-half the mortgage debt. The mortgagee afterwards. brought suit against plaintiffs, and recovered judgment for the deficiency. On the claim that defendant assumed and agreed to pay such mortgage debt, as a part of the purchase price of the property, plaintiffs brought this action against him to recover the amount of the deficiency judgment. The defendant answered, denying the alleged agreement to pay the mortgage debt. At the trial in the court below the plaintiffs had a verdict, and from an order granting a new trial they appeal.

The motion for a new trial was based on three grounds, namely: (1) That the verdict was not justified by the evidence; (2) that the verdict was contrary to law; (3) for errors of law occurring at the trial, and excepted to by defendant. It does not appear from the order of the court upon which of these grounds the new trial was granted. No memorandum is attached to the order, and we are not otherwise informed. One of the grounds of motion being that the verdict was not justified by the evidence, and the evidence as to defendant's promise and agreement to pay the mortgage debt being conflicting, and not "manifestly and palpably" in favor of the verdict, the order granting a new trial must be affirmed, on the rule of Hicks v. Stone, 13 Minn. 398 (434). It is the duty of the appellant, in appeals of this kind, to show that the order appealed from is erroneous and not proper on any of the grounds set forth in the notice of motion for a new trial. If the order be justified or proper

to be made on any of the grounds specified in the notice of motion, it must be sustained, though not justified as to the other grounds assigned.

This disposes of the appeal, but, in view of another trial of the action, we deem it proper and advisable to determine the other questions presented. By doing so, another appeal may be avoided.

1. It is contended by the defendant that, conceding the agreement to pay the mortgage debt to have been made, it is void, within the statute of frauds, because not to be performed within one year. The deed to defendant was executed and delivered to him at the time the contract was made, but the mortgage debt assumed and agreed to be paid was not due for more than a year thereafter; and defendant claims that, because he could not perform his part of the contract within one year, it is void. We do not find that the precise question involved in defendant's position has ever been before this court. It has been before the highest courts of sister states, and there is some conflict in the decisions. The rule adopted in England, and followed in most of the states in this country, is stated in 8 Am. & Eng. Enc. 692, as follows:

"The statute applies only to contracts which are not to be performed upon either side within a year. If all that is to be performed on one side is to be performed within a year, the contract is not within the statute."

This is the rule laid down in Donellan v. Read, 3 B. & A. 899, and followed in most of the states of this country. Wood, Fr. § 279, and cases there cited. It is not followed in Massachusetts, New York, and two or three other states. In our opinion, the rule stated is in consonance and accord with justice, is supported by the great preponderance of the authorities, and we adopt it as the law of this state. See also Durfee v. O'Brien, 16 R. I. 213, 14 Atl. 857; Washburn v. Dosch, 68 Wis. 436, 32 N. W. 551; Lowman v. Sheets, 124 Ind. 416, 24 N. E. 351, 7 L. R. A. 784. It therefore follows that the contract in question, having been fully performed on the part of the plaintiffs, is not within the statute of frauds, although defendant could not perform his part within a year.

2. The defendant objected to the introduction of evidence to prove

the alleged agreement to assume and pay the mortgage debt, on the ground that it tended to contradict and vary the terms of a written contract,—the deed. The court below overruled the objection and received the evidence. The ruling was correct. It is competent to show by parol a consideration for a deed different from that expressed therein. Kumler v. Ferguson, 7 Minn. 351 (442); Keith v. Briggs, 32 Minn. 185, 20 N. W. 91. The true consideration may always be shown.

The court below ruled correctly on both these questions at the trial, but for the reason already stated, the new trial having been granted on the ground that the verdict was not justified by the evidence, the order appealed from must be sustained.

Order affirmed.