ELIZA JENSEN v. JOHN O. A. CROSBY.[1]

June 11, 1900.

Nos. 12,018—(133).

**Consideration in Deed—Parol Evidence of Additional Consideration.**

An additional consideration to that expressed in a deed may be shown by parol evidence, provided such consideration be consistent with the operation of the deed.

Action in the municipal court of Duluth to recover $250 under a contract of sale.   The case was tried before Edson, J., and a jury, which rendered a verdict in favor of plaintiff for the amount demanded.   From an order denying a motion for a new trial, defendant appealed.   Affirmed.

*J. B. Richards,* for appellant.

*Baldwin & Baldwin,* for respondent.

[1] Reported in 83 N. W. 43.

LEWIS, J.

The complaint in this action states that the plaintiff was the owner of certain real estate in St. Louis county; that on November 2, 1898, plaintiff sold it to defendant upon the following terms:

"That, in consideration of plaintiff deeding said property to defendant, defendant agreed with plaintiff to pay to plaintiff the sum of $300 at the time of signing and delivering said deed, and further agreed. that when he should sell the pine upon said land he would pay to plaintiff, as further consideration for said property, one-half of the amount that defendant should receive for the pine upon said land over and above the said sum of $300; that thereupon plaintiff, with her husband joining with her, executed and delivered to defendant a deed to said property, and thereupon received from defendant the said sum of $300, and no more."

It is further alleged that on August 23, 1899, defendant sold the pine on the land for $800, and judgment is demanded for $250. The answer admits that plaintiff was the owner of the land; alleges that defendant bought it from plaintiff for a sole consideration of $300, and none other; and admits that he sold the pine for $800. The only consideration named in the deed was $300. Upon the trial plaintiff offered to prove by oral testimony what the true consideration was, and defendant objected upon the grounds that it was an effort to impress a parol trust upon an interest in lands, and also on the ground that it was an attempt to add to and vary the terms of a written instrument. The objection was overruled, and the trial resulted in a verdict for plaintiff. Defendant appealed from an order denying his motion for a new trial, and assigns the above-mentioned ruling as error.

Appellant's argument is based upon the assumption that the evidence of additional consideration is inconsistent with the terms of the grant, and tends to show that the sale was not absolute, but qualified and limited by an interest or trust in the plaintiff as a part of the thing granted, viz. the timber and a share in its proceeds when sold. Among other cases, appellant cites Bruns v. Schreiber, 43 Minn. 468, 45 N. W. 861, as supporting his position. In that case parol testimony was offered to change the effect of the covenants in the deed against incumbrance, and it has no application here. In the case before us the covenants of the deed are not referred to, di-

rectly or indirectly, and the proposed evidence was not an effort in disguise to reach and change the covenants. The additional consideration stated in the complaint was not, in its effect, retaining an interest in the land or in the timber. It in no manner affected the operation of the deed. The title to the land and timber passed absolutely to the defendant. The agreement pleaded simply provides a method of computing additional consideration. It has long been settled by the decisions of this court that the true consideration of a deed may be shown by parol evidence which does not affect the operation of the deed. Jordan v. White, 20 Minn. 77 (91); Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862; Dayton v. Warren, 10 Minn. 185 (233); Donlon v. Evans, 40 Minn. 501, 42 N. W. 472. See also Kickland v. Menasha, 68 Wis. 34, 31 N. W. 471; Breitenwischer v. Clough, 111 Mich. 6, 69 N. W. 88.

Order affirmed.