### ALEX. JOHNSON v. SAMUEL McCLURE and Another.[1]

May 27, 1904.

Nos. 13,889—(131).

**Parol Evidence.**

    In an action to recover the purchase price of certain lands conveyed by plaintiff to defendants it is *held* that parol evidence was properly received on the trial to show that at the time the deeds were executed it was verbally agreed between the parties that the consideration should not be paid until plaintiff had perfected his title to the lands conveyed.

Appeal by plaintiff from a judgment of the district court for Washington county, entered pursuant to the findings and order of Williston, J. Affirmed.

*J. C. Nethaway* and *J. N. Searles,* for appellant.

*Clapp & Macartney* and *P. J. McLaughlin,* for respondents.

[1] Reported in 99 N. W. 893.

BROWN, J.

Action to recover a balance alleged to be due on the purchase price of certain lands sold by plaintiff to defendants, in which defendants had judgment, and plaintiff appealed.

The facts are as follows: In 1893 plaintiff and defendants and one Nelson entered into a contract whereby they agreed to purchase and become the owners of a large tract of land for the aggregate price of $510,000. Defendant McClure was to furnish one-fourth of the purchase price, defendant Bean one-half, and plaintiff, Johnson, and said Nelson one-eighth each, of the purchase price; and each was to receive conveyances of the land in proportion to the purchase price paid by him. It was understood at the time the contract was made that patents from the government had not then been issued to the persons entitled to them of at least a portion of the land. The purchase money was thereafter paid by the parties, and in amounts as provided by their contract. The terms of that contract are of no particular importance in this case, involving, as it does, a question as to the admissibility of evidence only. In March, 1896, under and pursuant to an agreement between plaintiff and defendants, plaintiff conveyed his undivided one-eighth in all the lands mentioned to defendants for the agreed consideration of $88,000. A portion of the land was conveyed by warranty deed, and the balance by a quitclaim deed. Defendants paid plaintiff all the consideration except the sum of $5,614.86, which balance this action was brought to recover.

The complaint alleges that at the time of the purchase of plaintiff's interest in said lands and the delivery of the deeds therefor to them defendants agreed to pay plaintiff the said sum of $88,000 "within a reasonable time after the execution and delivery of said deeds." Defendants deny this allegation, and allege in defense that they agreed to pay the consideration whenever plaintiff perfected title to his interest in the lands; and, further, that he has never perfected title to the land conveyed by the quitclaim deed, and for this reason defendants refused to pay the balance due under the contract. The trial court admitted, over plaintiff's objection and exception, evidence of this verbal agreement, and found that the allegations of defendants' answer were true, and that by the verbal agreement the purchase price was not to be paid

until title to said lands was perfected, so that plaintiff's deed would pass a clear title to his one-eighth interest therein.

The assignments of error present the question whether the court erred in admitting evidence of this verbal agreement. It is contended by appellant that the evidence was incompetent under the elementary rule that parol evidence is inadmissible to vary, contradict, or explain a written contract; that the deeds by which plaintiff's interest in the land was conveyed to defendants are conclusively presumed, as a matter of law, to contain all the engagements of the parties.

The general rule on this subject is that, where parties to an agreement reduce their contract to writing, the law presumes the writing to be full and complete, to contain all their engagements, and parol evidence to change or modify the same is inadmissible. In other words, parol evidence is inadmissible in cases where it tends to change the legal import of the written contract. But there are exceptions to the rule; one of which is that parol evidence is always admissible for the purpose of disclosing the true consideration of the contract, except, perhaps, where the consideration is other than of a pecuniary nature, and is fully expressed in the writing. The exception applies to deeds and mortgages, as well as other written contracts, and has itself become a firmly fixed and established rule. So far as a deed is concerned, statements therein acknowledging the receipt of the consideration amount, in contemplation of law, to nothing more than a receipt, and are subject to oral explanation.

The rule has been applied in this state in numerous cases. We have held that a warranty deed, an absolute conveyance of property, may be shown by parol evidence to have been executed as security for the payment of a debt due from the grantor to the grantee, and in fact a mortgage. Phœnix v. Gardner, 13 Minn. 396 (430).

We held in Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051, that it was competent to prove by parol evidence that at the time of the execution of the deed there involved the grantee orally promised and agreed, as a part of the consideration therefor, to assume and pay a mortgage then existing against the property conveyed. The evidence in no way changed the legal import of the deed, but related solely to the consideration for the transfer.

In Bretto v. Levine, 50 Minn. 168, 52 N. W. 525, a deed for an expressed consideration—$43,000—purported to convey a certain lot with a store building thereon. The deed contained a clause to the effect that the grant included all the shelving in the building. It was held that parol evidence was admissible to show that other personal property was sold by the grantor to the grantee at the same time as a part of the same transaction, and that the consideration expressed in the deed included payment for the personal property. See also Jensen v. Crosby, 80 Minn. 158, 83 N. W. 43, and cases there cited.

Numerous cases in other states sustain the general proposition that parol evidence is admissible in cases of this kind for the purpose of showing the true consideration.

It was held in Collins v. Tillou, 26 Conn. 368, that the purpose of an ordinary deed of land is not to state in full the terms of the contract between the parties, but to pass title from the grantor to the grantee, and that, notwithstanding the formal statement of consideration contained therein, the grantor may prove by parol evidence the real contract in that respect.

In Post v. Gilbert, 44 Conn. 9, evidence of an oral agreement between the parties at the time the deed was executed to the effect that one of them should pay certain assessments against the property was held admissible.

The same class of evidence was held admissible in Carr v. Dooley, 119 Mass. 294. It appeared in that case that the property transferred abutted upon a street where a sewer had been constructed, and at the time of the transaction one of the parties orally promised to pay any assessment that might thereafter be made against the property on account of the sewer. Upon his failure to perform the contract in that respect an action was brought to recover against him; and though the deed, the subject-matter of the transaction, contained no reference to the oral promise, evidence to prove it was held admissible.

In the case of Green v. Batson, 71 Wis. 54, 36 N. W. 849, it appeared that plaintiff conveyed certain lands to defendants under a deed containing the usual covenants. It was held that parol evidence was admissible to prove an alleged oral warranty as to the quality of the land. The decision in that case refers to the general rule that written contracts are presumed to contain all the engagements of the parties, but it is

said that that rule does not apply to deeds of conveyance. There are many authorities sustaining the position of the Wisconsin court to the effect that the rule excluding parol evidence tending to vary or contradict a written contract does not apply to deeds. 21 Am. & Eng. Enc. (2d Ed.) 1093, cases cited in note 7. Cases sustaining the general proposition that the consideration of a written contract is also open to oral explanation may be found collected in 21 Am. & Eng. Enc. (2d Ed.) 1088.

Within these authorities we have no difficulty in sustaining the rulings of the trial court. The deeds are silent as to when the consideration was to be paid, and parol evidence was admissible to supply the omission.

The suggestion of appellant that, if defendants had paid the full amount due for the conveyance at the time of the transaction, they could not, in an action for damages for failure of plaintiff to perfect his title to the land, enlarge or change the legal import of the deeds by showing the verbal agreement here relied upon, is probably sound. But such a case is not here presented. One of that character would be entirely different from the one now before us. The effect of evidence of a verbal agreement in such a case would be to change the quitclaim deed into one containing covenants of title, and would be clearly incompetent. But the extension of the time of payment for the lands was wholly for defendants' benefit, which they could waive, and by making payment before perfect title was acquired by plaintiff they would place themselves in a position where they could not be heard to assert the alleged verbal agreement. By payment of the purchase price the contract between the parties would become fully executed, and their rights would be measured by the completed transaction. Parol evidence would not be admissible to show an oral agreement at variance with the closed transaction. But it affirmatively appears in this case from the complaint that the consideration was not paid at the time the deeds were executed. Plaintiff alleges in that respect that it was to be paid "within a reasonable time," and the transaction was not completed or closed from plaintiff's own standpoint. The position of counsel for appellant in this respect is sound only in theory.

The fact that some of the lands were conveyed by quitclaim deed was a proper item of evidence tending to support plaintiff's contention

that no agreement of the kind here relied upon by defendant was in fact made at the time the deeds were executed; and no doubt the trial court gave it due consideration before finding the fact against plaintiff. But it is not conclusive, nor does the evidence necessarily change the quitclaim deed into one containing covenant of title.

Judgment affirmed.