C. A. HEINS AND ANOTHER v. B. F. BYERS AND ANOTHER.[1]

March 20, 1925.

No. 24,498.

**Mortgage on homestead was for a consideration.**
　　1. The evidence sustains a finding that there was a consideration for a mortgage of their homestead made by the plaintiffs to one of the defendants.

**Execution of mortgage not induced by duress.**
　　2. The evidence sustains a finding that the execution of the mortgage was not induced by duress.
　　*Headnote 1. See Homestead, 29 C. J. p. 927, § 337 (1926 Anno).
　　Headnote 2. See Homestead, 29 C. J. p. 927, § 337.

Action in the district court for Renville county to cancel a mortgage. The case was tried before Qvale, J., who ordered judgment in favor of defendants. Plaintiffs appealed from an order denying their motion for a new trial. Affirmed.

*Trafford N. Jayne,* for appellants.

*A. R. English* and *A. C. Dolliff,* for respondents.

DIBELL, J.

Action by the plaintiffs, husband and wife, to cancel a mortgage of their homestead made to the defendant Byers and by him assigned to the defendant Peoples First National Bank of Olivia. There were findings for the defendants and the plaintiffs appeal from the order denying their motion for a new trial.

There are two questions:

(1) Was there a consideration for the mortgage?

(2) Was it procured by duress?

1. The plaintiff C. A. Heins was for many years the president of the defendant bank and owned a controlling interest. On November 22, 1922, he retired, and the defendant Byers took his place.

[1]Reported in 202 N. W. 733.

Heins had large business interests aside from the bank, owned lands, and carried a large indebtedness which he could not pay. To secure certain creditors he had given a trust deed. There were omitted from it his stock in the defendant bank, 24 shares in a Florida bank afterwards sold for $4,800, and 80 shares in the Olivia Canning Company, afterwards sold for $6,000. Practically all his other property was included.

In his efforts to care for pressing indebtedness Heins had borrowed $17,800 from the defendant bank without security. He was indorser on notes to the bank aggregating $9,700. He owed a personal indebtedness of $11,200 to other banks. The defendant bank was capitalized at $25,000 and had a book surplus of a few thousand. The debt of $17,800 was far beyond what the national banking act permitted him to carry. U. S. Comp. St. 1916, § 9761. He was engaged in bad banking. The bank had little cash, the national bank examiner was active and insistent, and a collapse which would involve the parties interested in the bank as well as the general public was feared. An arrangement was made whereby the Heins' stock in the defendant bank, and in the Florida bank, and the canning company stock were transferred to Byers and his associates. They undertook to care for the bank indebtedness, the three items noted above, aggregating $38,700. An assessment of 81 per cent was made on the bank stock coming from Heins, and Byers and his associates paid it.

The claim of want of consideration is that the arrangement between Heins and Byers, and when we refer to Byers we include his associates, was closed several days prior to November 28, 1922, when the mortgage was given, that the plaintiffs were under no further obligation to Byers, and so the mortgage was given for nothing. The evidence sustains the view that the transaction was not a closed one until the making of the mortgage. When it was executed, or as preliminary to it, there was executed a memorandum agreement between the plaintiffs and Byers and Nelson, who was the cashier of the bank, which recited the mortgage as the consideration for guaranty of the plaintiffs against the indebtedness of $38,700. It also provided that the plaintiffs should not be em-

barrassed by a call for the interest on the mortgage for five years. The claim of the plaintiffs fails, if for no other reason, because the evidence does not require the finding of a fact upon which it must rest, namely, that prior thereto the transaction resulting in the transfer of the stock and the assumption of the indebtedness had been closed. The testimony, it is true, is not all definite and frank, the parties were pressed by the bank examiner, and the effort to save the bank was frantic; but the view that the transaction was not closed until the making of the mortgage is sustained by the evidence.

2. There is no question of duress which survives the adverse finding of the trial court. There was some talk, it is true, whether the act of Heins in carrying the excessive loan of $17,800 might not be criminal. The trial court's finding is as it should be. The law of duress, in a situation in principle resembling this, had recent consideration in American Nat. Bank v. Helling, 161 Minn. 504, 202 N. W. 20, and cases there cited, and does not call for further discussion now.

Order affirmed.