## C. A. HEINS v. B. F. BYERS AND OTHERS.[1]

April 27, 1928.

No. 26,672.

**Creditors of plaintiff can recover of defendants upon their promise to pay his debts in consideration of his conveyance of property.**

1. The defendants promised to pay certain debts of the plaintiff in consideration of property conveyed by him to them. The creditors can recover upon such promise.

**And plaintiff can recover even if he has not paid his debts.**

2. Upon the failure of the defendants to pay, the plaintiff can recover of them, though he has not paid, and the measure of his damages is the amount of the debt.

Contracts, 13 C. J. p. 697 n. 90; p. 705 n. 4.
Damages, 17 C. J. p. 865 n. 9.

---

See 8 R. C. L. 463; 2 R. C. L. Supp. 615; 4 R. C. L. Supp. 557.

Plaintiff appealed from an order of the district court for Renville county, Baker, J. denying his motion for a new trial. Reversed.

*Edward Lindquist, Trafford N. Jayne* and *Edgerton, Dohs & Edgerton,* for appellant.

*A. R. English* and *A. C. Dolliff,* for respondents.

[1]Reported in 219 N. W. 287.

DIBELL, J.

Action to recover of the defendants B. F. Byers and Warren H. Heins the sum of $17,800, with interest from November 6, 1922. The defendants Kircher brothers, trustees under a trust deed of the plaintiff, are made parties but no claim is made against them, they have no claim, and they are not parties to this appeal. Byers and Heins will be referred to as the defendants. At the close of the plaintiff's testimony the defendants rested, without offering proof, and the court directed a verdict for them. The plaintiff appeals from an order denying his motion for a new trial.

Prior litigation between the parties is reported in Heins v. Byers, 162 Minn. 349, 202 N. W. 733.

1. The plaintiff, under date of November 6, 1922, made a trust deed to the defendants Kircher brothers of all his property except 140 shares of the capital stock of the Peoples First National Bank of Olivia, 80 shares of the stock of the Olivia Canning Company, and 24 shares of the stock of the Fort Pierce Bank & Trust Company, of Florida.

The Kircher brothers, as trustees, by an instrument dated November 24, 1922, assumed to assign to the defendants the stocks mentioned, and the defendants by way of consideration agreed to pay plaintiff's indebtedness of $6,700 to the First National Bank of St. Paul, $2,500 to the First National Bank of Minneapolis, $2,000 to the Danube State Bank, and $17,800 to the Peoples First National Bank of Olivia, a total of $29,000. It is conceded that the defendants paid all except the $17,800; that they did not pay that sum; and that the plaintiff has not paid it. The trustees did not own the stocks, but their transfer, to which the creditors whom they represented assented, barred them and such creditors from asserting a claim thereto through the trust deed. By the instrument of transfer the two defendants agreed to pay the $29,000 "for and in behalf of the said C. A. Heins and for the consideration hereinbefore expressed;" and they agreed "to make no claim whatever to any property in the hands of said trustees for the use and benefit of the other creditors." It is not to be questioned that the consideration of the defendants' promise to pay the $29,000 was the property turned

over by the plaintiff to them. He and not the trustees gave the consideration for the promise of the defendants. The creditors whom the two defendants agreed to pay could bring an action directly upon this promise. The facts bring the case within Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, no matter how technical an application be given it, and other cases of similar import. 2 Dunnell, Minn. Dig. (2 ed.) § 1896, and cases cited. The creditors therefore could maintain an action. This was the view of the trial court. Its further view, which was the basis of the direction of a verdict, was that the plaintiff, not having paid the bank, could not recover.

2. The theory of the plaintiff is that the defendants breached their contract in failing to pay the indebtedness; that he may recover though he has not paid it; and that the measure of his damages is the amount of the debt. The claim of the defendants is that plaintiff cannot recover, or if he can that his recovery is limited to nominal damages, until he has paid.

The contract is not one of indemnity. It is a contract to pay and discharge a debt of the plaintiff made upon a consideration moving from the plaintiff to the defendants. In cases of such sort the authorities are fairly in accord, or at least it is the prevailing doctrine, that one in the position of the plaintiff may recover, and that the amount of the debt is the measure of his damages. Merriam v. Pine City Lbr. Co. 23 Minn. 314; Stout v. Folger, 34 Iowa, 71, 11 Am. R. 138; Lathrop v. Atwood, 21 Conn. 117; Furnas v. Durgin, 119 Mass. 500, 20 Am. R. 341; Locke v. Homer, 131 Mass. 93, 41 Am. R. 199; Shattuck v. Adams, 136 Mass. 34; Lee v. Burrell, 51 Mich. 132, 16 N. W. 309; Turner v. Howze, 28 Cal. App. 167, 151 P. 751; Meyer v. Parsons, 129 Cal. 653, 62 P. 216; Gage v. Lewis, 68 Ill. 604; Fairfield v. Day, 71 N. H. 63, 51 A. 263; Stokes v. Robertson, 143 Ga. 721, 85 S. E. 895; 3 Sutherland, Damages (4 ed.) § 765, pp. 2892-2893; 2 Sedgwick, Damages (9 ed.) § 789, p. 1641; 8 R. C. L. p. 463, § 30; 1 Williston, Contracts, p. 734, § 392, et seq.; 3 Williston, Contracts, p. 2500, § 1408. And this is the apparent future of the doctrine. See Am. L. Inst. Restatement Contracts (Tent.) § 133(b).

It is sometimes suggested that this rule may work a hardship by compelling one in the position of the defendants to pay twice. See 3 Williston, Contracts, § 1408; 2 Sedgwick, Damages (9 ed.) § 790. In Loosemore v. Radford, 9 M. & W. 657, the court said:

"The defendant may perhaps have an equity that the money he may pay to the plaintiff shall be applied in discharge of his debt; but at law the plaintiff is entitled to be placed in the same situation under this agreement, as if he had paid the money to the payees of the bill."

With us equity and law are fused. It may be that the defendants could require the money paid to the plaintiff to be applied on the bank debt; or if judgment is obtained against them could obtain relief giving them equivalent protection; or before judgment could adopt such procedure as would prevent double payment. The danger of being subjected to double payment is not great. And see commentary on § 133(b), cited above.

We do not reach the merits of the case. The defendants have not offered proofs. The judgment in the former litigation is not in evidence. It is not a bar. All we say is that there was evidence tending to show that the plaintiff might recover the amount of his debt to the bank. The facts must be determined on a trial.

Order reversed.