## JULIA GUSTAFSON v. CON KOEHLER.[1]

April 5, 1929.

No. 27,153.

*F. A. Grady,* for appellant.
*Loring & Hougen,* for respondent.

[1]Reported in 224 N. W. 699.

116

Holt, J.

Appeal from an order denying defendant's motion in the alternative for judgment non obstante or a new trial.

The complaint alleged that on November 1, 1915, plaintiff was the owner of 120 acres of land in Polk county, stating the legal description, and on that day, she mortgaged it to a named corporation to secure a loan of $2,000 made to her, payable November 1, 1925, with six per cent interest per annum, which indebtedness was represented by a promissory note in said amount, with interest coupon notes attached, all executed by plaintiff to the corporation; that thereafter on November 24, 1916, she sold and conveyed the land to defendant for the total consideration of $2,600 in addition to a second-hand automobile, $600 of said consideration being paid in cash, and the remaining $2,000 of the money consideration defendant promised and agreed to pay by assuming and agreeing to pay the said mortgage and debt and also agreed to pay the unpaid ditch taxes on the land and a commission mortgage of $135; that the corporation has foreclosed the commission mortgage, the time for redemption has expired, and the corporation is now the owner of the land subject to said $2,000 mortgage; that defendant failed to pay the $2,000 mortgage and note or the interest thereon, and that the corporation, mortgagee, has assigned the same to Minnie Krueger Plotner, who has now brought suit against plaintiff upon said promissory note and interest coupon, and plaintiff asks judgment against defendant for the amount unpaid thereon. The answer admitted the nonpayment of the mortgages and notes but denies that he assumed or agreed to pay them, denies that the consideration for the land was $2,600 or any other than $600. There was a verdict for plaintiff for $2,757.84.

Appellant's many assignments of error are discussed under three points: (1) Parol evidence was inadmissible to prove an agreement of defendant to assume and pay the mortgage note. (2) The evidence was not sufficient to justify submitting the question to the jury. (3) Plaintiff as grantor of the mortgaged land has no legal cause of action against defendant until she has paid the mortgage.

The deed of the land from plaintiff to defendant recited a consideration of $3,600 and contained the usual covenants of warranty, one being that the land was "free from all encumbrances except a mortgage for $2,000 at 6% interest from Nov. 1, 1916, and commission mortgage for $135 and unpaid portion of ditch taxes." It contained no assumption clause or agreement of the defendant, the grantee, to pay these encumbrances.

It is well settled in this state that the real consideration in a deed may be shown by parol notwithstanding the recitals therein. So also it may be proved that the consideration has not been paid, even though the deed contains a receipt in full. Kumler v.. Ferguson, 7 Minn. 351 (442) ; Jordan v. White, 20 Minn. 77 (91) ; Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051; Jensen v. Crosby, 80 Minn. 158, 83 N.. W. 43; Johnson v. McClure, 92 Minn. 257, 99 N. W. 893, 2 Ann. Cas. 144. There is no contractual covenant in the deed which the parol evidence of defendant's agreement tended to vary or contradict so as to come within the ban of Thiem v. Eckert, 165 Minn. 379, 206 N. W. 721. The case of Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051, was one where the plaintiff, over objections here made, was permitted to prove that the defendant had assumed and agreed to pay an existing mortgage on the land conveyed to him by the plaintiff—the deed there as here merely stating that it was free from encumbrances except the mortgage.

We think the evidence made the alleged agreement a fair jury question. The deed recited a consideration of $3,600. The price plaintiff agreed to sell for was $30 per acre. Defendant paid no more than $600 in cash and an old automobile which he let plaintiff's son have for the surrender of a contract of purchase plaintiff had given him. The payment of the rest of the purchase price of the land is accounted for only by the agreement of defendant to assume and pay this mortgage as testified to by plaintiff and her witnesses. Some courts have gone as far as to hold that an agreement to assume and pay an existing mortgage on the premises conveyed subject thereto may be implied where the amount of the mortgage is deducted from the purchase price fixed. Siegel v. Borland, 191 Ill. 107, 60 N. E. 863; Heid v. Vreeland, 30 N. J. Eq. 591.

The third point presents some difficulty because of the conflict of authorities, Missouri, New York, Ohio and Pennsylvania courts holding that the grantor may not sue until he has paid the debt; and decisions in Texas and Washington are tending in the same direction. The weight of authority is that an action in favor of the grantor accrues when the mortgage debt assumed becomes due without being paid. It has been so held in California, Colorado, Connecticut, Kansas, Maine, Massachusetts, Michigan, Nebraska, New Jersey, Oklahoma, Oregon, South Dakota and Vermont, as appears from the cases cited in 21 A. L. R. 508, in the annotation to White v. Schader, 185 Cal. 606, 198 P. 19, 21 A. L. R. 499.

This court seems to have aligned itself with the courts of the states in the group last mentioned. Merriam v. Pine City Lbr. Co. 23 Minn. 314; Heins v. Byers, 174 Minn. 350, 219 N. W. 287. In Peterson v. Herington, 169 Minn. 65, 210 N. W. 617, it was held that a mortgage assumption clause imposes an absolute liability and not a contract of indemnity; but, because at the foreclosure of a subsequent mortgage the premises had been bid in for the benefit of the grantor, it was concluded that in the bid the first mortgage, the one assumed, was disposed of, the grantor thereby waiving the right to an absolute indemnity. The reasons for adopting the rule that the grantee's assumption and agreement to pay an existing mortgage debt upon the premises conveyed gives the grantor a cause of action when the mortgage debt falls due and the grantee fails to pay are perhaps as ably and fully stated and discussed in Locke v. Homer, 131 Mass. 93, 41 Am. R. 199, as in any other case.

To the authorities cited in 21 A. L. R. 508, above referred to, may be added Sanderson v. Turner, 73 Okl. 105, 174 P. 763, 2 A. L. R. 347; Jones, Mortgages (7 ed.) §§ 768, 769. It is appreciated that by the Massachusetts rule a grantee might be subjected to two judgments for the same debt, one in favor of the grantor and the other in favor of the mortgagee. One answer to this is that he has brought this upon himself by not carrying out his agreement. Had he paid the mortgage debt (which is in reality the balance of the purchase price) when it became due, as he agreed, he would not

have been sued. And if sued by the grantor payment then of the mortgage would be a perfect defense.

If plaintiff now collects the judgment against defendant, she holds it as trustee for the owner of the mortgage debt, or the one who has sued her. It does not appear that the latter is within the jurisdiction of the court; but it is not to be apprehended that the court cannot provide against the danger of collecting twice of defendant for the debt he agreed to pay. See Heins v. Byers, 174 Minn. 350, 219 N. W. 287.

The order is affirmed.