MALLORY *v.* JACK.

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—DURATION—BREACH—DAMAGES.

Contract of employment of salesman providing compensation by way of weekly drawing account plus difference between that sum and stated percentage of amount of business done by employer during the year, should such percentage be in excess of drawing account, and not terminable without consent of both parties *held,* too indefinite and uncertain as to its duration to form a basis for the assessment of damages for its breach.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—BREACH OF INDEFINITE EMPLOYMENT CONTRACT.

In action by saleman to recover damages for breach of employment contract providing for weekly drawing account and bonus

if stated percentage of yearly business done by employers exceeded amount of drawing account, ruling by trial court that contract was not terminable before the end of an employment year without cause may not be complained of by defendant employers where they took no appeal notwithstanding contract was too indefinite and uncertain as to its duration to form a basis for the assessment of damages for its breach.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 11, 1937. (Docket No. 83, Calendar No. 39,582.) Decided September 1, 1937.

Action by Henry C. Mallory against Alexander T. Jack and Fred R. May, individually and as copartners doing business as Grand Rapids Belting Company, for damages for breach of a contract of employment. Cross-declaration by defendants against plaintiff for sums due on a promissory note and for overpayments of commission. From verdict and judgment for plaintiff in an alleged insufficient amount, he appeals. Affirmed.

*Samuel H. Himelstein* and *Peter A. Hartesvelt,* for plaintiff.

*John J. Smolenski* (*William J. Johnson,* of counsel), for defendants.

CHANDLER, J. On August 1, 1912, plaintiff entered into a written contract with the Grand Rapids Belting Company whereby plaintiff was employed as salesman, providing compensation in the nature of a drawing account of $45 each week from which sum $2.50 per day was to be deducted for each day no traveling expense was incurred by plaintiff. In addition thereto it was provided that if seven per cent. of the total amount of business done by the

employer during the year should amount to a sum in excess of the amounts advanced during the year, the difference between said amounts was to be paid to plaintiff. The contract further provided:

"It is agreed that this contract cannot be terminated or ended without the consent of both parties, and is binding upon both parties, their heirs, representatives, successors, or assigns."

Plaintiff continued in the employ of the Belting Company until February 18, 1933, on which date he was informed by defendant May that he would be laid off until April 1, 1933 due to business conditions. Every Saturday thereafter until April 1st plaintiff reported for work but was not permitted to resume his duties. During the week following April 1, 1933, plaintiff, on his own initiative, called on customers in the city of Grand Rapids. On April 8th he was definitely informed that he was discharged.

He instituted this suit to recover damages for breach of the employment contract. The trial court submitted the case to the jury with instructions that the contract was to be construed as one from year to year which could be terminated at the end of any year without cause or at any time with cause. The jury returned a verdict in favor of plaintiff, permitting him to recover the amount due under the contract from February 18, 1933, the date to which he was last paid, to August 1, 1933. Plaintiff appeals contending that in the absence of just cause the contract in question was not terminable except upon the mutual consent of the parties thereto.

The agreement here involved is similar to that considered by this court in the recent case of *Lynas* v. *Maxwell Farms,* 279 Mich. 684, wherein contracts

calling for permanent or life-time employment were discussed. Defendants insist that the instant case is controlled by the *Lynas Case* and that plaintiff's employment was terminable at will.

The present case differs in one respect at least from those involving contracts stipulating for permanent or life-time employment in that it may conceivably come to pass that both parties would consent to the termination of the contract prior to the death of the employee.

The contract is too indefinite and uncertain as to its duration to form a basis for the assessment of damages for its breach. It is impossible to determine with any reasonable degree of certainty the length of time the contract is to endure for who can ascertain the time when the parties would mutually agree to its termination. The contingency might occur one year or ten years hence or, if dependent upon plaintiff's apparent intentions, would without doubt never occur.

In *Bolles* v. *Sachs,* 37 Minn. 315 (33 N. W. 862), the contract provided that the plaintiff should be employed so long as he should elect to serve. It was there held that the duration of the contract was so uncertain that no substantial damages could be recovered for its breach. In *Faulkner* v. *Des Moines Drug Co.,* 117 Iowa, 120 (90 N. W. 585), the agreement contained the following provision: "This contract in effect until mutually agreed void." In holding the contract void because it was too uncertain and indefinite as to duration to permit the assessment of damages, the court said:

"By what plan or device shall we be able to say what the future profits may be? Who can say that a continuance of the contract relation would not

mean a loss, and therefore that no damage has been sustained by its breach? Or, if it be said that the profits earned before the breach of the contract furnish a basis for estimating future returns, then for what length of time shall they be computed? Shall it be for one month, one year, ten years, or for the entire period of the plaintiff's expectancy of life? Who can place any reasonable estimate upon the period which would probably elapse before the parties 'mutually agree' that the contract between them shall be considered 'void'? To say nothing of other quite manifest objections to the validity of a contract of this kind, it seems clear that it is entirely too indefinite to afford any reasonably certain basis for the assessment of damages, and is therefore void.''

In our opinion the principles announced in the *Faulkner Case, supra,* are clearly applicable to the instant case.

The trial court ruled that the contract could not be terminated before the end of an employment year without cause. Defendants took no appeal and therefore cannot complain of this ruling.

Judgment affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.