G. J. JOHNSON v. CLAS FREBERG AND ANOTHER.[1]

January 26, 1940.

No. 32,281.

*Samuel Lipschultz,* for appellant.

*Smith & Callahan, John A. Nordin,* and *M. Arnold Lyons,* for respondents.

[1] Reported in 289 N. W. 835.

HOLT, JUSTICE.

From a judgment of dismissal with prejudice, plaintiff appeals. The transactions between plaintiff and defendants out of which this present action springs are quite fully set out in Johnson v. Freberg, 178 Minn. 594, 228 N. W. 159. For a decision in the present appeal these facts only need be stated: In a trade between plaintiff and defendants consummated August 1, 1925, plaintiff conveyed to defendants a tract of land in St. Croix county, Wisconsin, upon which plaintiff had theretofore executed a mortgage to secure the payment of the promissory note of plaintiff for $16,000, due on or before December 1, 1927, together with interest at six per cent per annum. It is alleged that in the deed dated July 20, 1925, from plaintiff and his wife to defendants as grantees, the defendants assumed and agreed to pay said $16,000 mortgage; that Mary J. Nash in 1926 transferred the mortgage to Alvin L. Nash, who, in 1933, sued plaintiff to recover on said $16,000 promissory note, and that in the fall of 1936 plaintiff and said Nash compromised and settled the suit for $5,000; and that plaintiff has demanded payment of said sum. This action was begun in June, 1937. The amended answer, in addition to other defenses, alleged that plaintiff's cause of action "did not accrue within six years before the commencement of this action." When the trial opened plaintiff offered the $16,000 note and mortgage in evidence. Defendants' counsel objected to the introduction of any evidence "particularly on the ground that plaintiff's cause of action herein did not accrue within six years prior to the commencement" thereof. 2 Mason Minn. St. 1927, § 9191. The objection was sustained. Plaintiff thereupon refused to proceed further in the trial and refused to formally rest. Whereupon the court ordered the case dismissed with prejudice. Judgment was so entered.

The sole question, to which the assignments of error are directed, is whether the cause of action against defendants accrued December 1, 1927, when the note and mortgage assumed and agreed to be paid by them fell due and remained unpaid, or whether it

accrued when plaintiff paid the $5,000 in settlement of the suit of Alvin L. Nash. We conclude that the cause of action against defendants accrued when they failed to pay the note and mortgage at the due date. By the acceptance of plaintiff's deed to the farm and going into possession thereof, they "assumed and agreed to pay" the note and mortgage. That cannot mean anything else than to pay at the time the debt fell due. We have so held in respect to like assumptions and agreements to pay existing encumbrances by grantees in deeds of conveyance. Heins v. Byers, 174 Minn. 350, 219 N. W. 287, wherein prior decisions in this and other courts are quite fully cited. In Gustafson v. Koehler, 177 Minn. 115, 224 N. W. 699, parol proof of an agreement to assume and pay a mortgage excepted from the covenants of warranty was sustained, and it was held that the grantor had the right to maintain an action against the grantee upon the latter's failure to pay the encumbrance as it fell due and without the grantor having paid it. We add to the cases cited in Heins v. Byers, 174 Minn. 350, 219 N. W. 287, Skeen v. Glower, 174 Ga. 510, 162 S. E. 917; In re H. L. Herbert & Co. (2 Cir.) 262 F. 682; Johnson v. Risk, 137 U. S. 300, 11 S. Ct. 111, 34 L. ed. 683.

We recognize that there are courts taking a different view, holding that as between grantor and grantee involving the assumption of payment of encumbrance upon premises conveyed, the grantor becomes the surety and his cause of action against the grantee does not arise until loss has been sustained through the payment of the encumbrance. The grantee's agreement is regarded in the nature of an indemnity. To the cases sustaining that view, not referred to in our prior decisions, we note Graham v. Durnbaugh, 44 Cal. App. 482, 186 P. 798; Enos v. Anderson, 40 Col. 395, 93 P. 475, 15 L.R.A.(N.S.) 1087. Nebraska, instead of following the majority rule, seems now, by O'Connor v. Aetna L. Ins. Co. 67 Neb. 122, 129, 93 N. W. 137, 99 N. W. 845, to have adopted the minority view, that the agreement of the grantee to pay is, as between grantor and grantee, a contract of indemnity.

For the rule we follow no more or better arguments can be made than those found in Locke v. Homer, 131 Mass. 93, 41 Am. R.

199, and Nutter v. Mroczka, — Mass. —, 21 N. E. (2d) 979. In the latter case it was held that the grantee had tolled the statute of limitation by continuing to pay interest on the encumbrance assumed after it fell due.

Plaintiff cites our holdings that as to encumbrances placed on land by a grantor and then conveyed to a grantee who agrees to pay the same, the grantor stands as surety to the grantee, among others, Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700; Pinch v. McCulloch, 72 Minn. 71, 74 N. W. 897; Jefferson County Bank v. Erickson, 188 Minn. 354, 247 N. W. 245. In each case the grantee's undertaking to pay the encumbrance assumed was held to give the grantor the right to sue the grantee the moment the encumbrance assumed fell due, without regard to the grantor having paid it or having sustained any loss because of the holder of the encumbrance or mortgagee having sought enforcement thereof. In the last cited case it was held that the uniform negotiable instruments act does not control the rights of principal and surety arising from conveyance of mortgaged premises wherein the grantee assumes and agrees to pay the mortgage debt.

We think the court is justified in following and adhering to the decision in Heins v. Byers, 174 Minn. 350, 219 N. W. 287.

The judgment is affirmed.