IRWIN S. NELSON v. R. W. HACKING AND ANOTHER.[1]

November 28, 1947.

No. 34,513.

[1]Reported in 29 N. W. (2d) 888.

126

*Ralph S. Parker* and *Earl Hacking*, for appellants.
*Fred W. Putnam*, for respondent.

LORING, CHIEF JUSTICE.

This is an action brought by the executor of the will of Melanie Antonie Fannie Weston against the Hacking Brothers, as individuals.

In 1931 and 1932, Mrs. Weston purchased certain stock in the National Credit Finance Corporation, which agreed to repurchase the same upon demand. Defendants were officers of that corporation, and in 1932 they, as individuals, also offered to repurchase said stock.

It is plaintiff's contention, and the trial court so found, that on October 15, 1935, Mrs. Weston delivered certain stock of the National Credit Finance Corporation to the Reliance Adjustment Service, Inc., an Illinois corporation, and received in return its note in the amount of $3,575, with interest at seven percent, payable January 1, 1945. Plaintiff further contended that on October 15, 1935, the Hacking Brothers, who were also officers of the Reliance Adjustment Service, Inc., made and delivered the following letter to Mrs. Weston:

"October 15th
1935
"Subject: Note Numbered 129,
for $3,575.00

"Mrs. Melanie Weston   .
3643 Washburn Avenue North,
Minneapolis, Minnesota

"Dear Mrs. Weston:

"This is to inform you that Hacking Brothers will arrange so that you can withdraw on the above described note in amounts up to five hundred dollars ($500.00), at any time if you so desire and need the money.

"Very truly yours,
"Hacking Brothers
By: Robert Hacking
P. Hacking"

The lower court found that this constituted a guaranty, the consideration for it being acceptance by Mrs. Weston of the note of the Reliance Adjustment Service, Inc., in exchange for her stock. Defendants contend that because the note was dated September 2, 1935, and the letter October 15, 1935, some six weeks later, the two transactions were separate, and consequently that the letter or guaranty was without consideration. Defendants further contend that if it was a guaranty it was a guaranty without date and that consequently it was a demand instrument, with the statute of limitations running from the date of delivery, and hence that this action was barred. They further asserted as a defense, although the point was not raised in the trial court, that in order to maintain this action a suit would have had to be brought against the principal debtor first, and, in any event, that the cause of action ended with the death of Mrs. Weston.

· The lower court found against defendants on the points raised in that court.

■ The letter of October 15, 1935, from the Hacking Brothers, while crudely and informally drafted, is clearly to the effect that if and when Mrs. Weston needed and desired money they would guarantee that she be paid in amounts not exceeding $500. The letter referred specifically to the note involved. Such a statement is sufficient to constitute a guaranty. The fact that a consideration was not recited in it is not fatal. Where a contract of guaranty, entered into contemporaneously with the principal contract and distinctly referring to it, tends to show that both are part of the entire transaction, the statute of frauds does not require consideration to be separately stated in the guaranty. Highland v. Dresser, 35 Minn. 345, 29 N. W. 55.

■ While it is true that the date of the note was September 2, 1935, we cannot say, as a matter of law, that the evidence is not sufficient to support the finding that all the elements of the transaction took place on October 15, 1935. We think it supports a finding that the stock was delivered, the note given, and the letter received all as a part of one transaction.

■ Nor do we agree with defendants that this was a demand instrument. Where one guarantees the debt of another, the statute of limitations does not commence to run until the debt is due and payable. Wigdale v. Anderson, 193 Minn. 384, 258 N. W. 726. See, also, Johnson v. Freberg, 207 Minn. 61, 289 N. W. 835.

■ Defendants' contention that an action must be brought against the principal before suing the guarantor is made for the first time in this court. Consequently, we do not consider it. Meiners v. Kennedy, 221 Minn. 6, 20 N. W. (2d) 539; Service & Security, Inc. v. St. Paul F. S. & L. Assn. 211 Minn. 199, 300 N. W. 811.

■ There remains for consideration the question whether the rights of the deceased against defendants on the note and guaranty passed to her estate. Contract rights survive in Minnesota unless personal in nature. A written instrument binding the maker to pay a specified sum as nearly as possible to meet the payee's requirements does not evidence a promise which is dependent on the continued existence of the payee, and his death does not terminate the

obligation. Ryan v. Litchfield, 162 Iowa 609, 144 N. W. 313. Mrs. Weston had only to collect the money on the note, so the right survives.

Affirmed.